EASTERN DIST.
January, 1841.

CORDEVILLE &
LACROIX
vs.
HOSMER.

CORDEVILLE & LACROIX vs. HOSMER.

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, FOR THE PARISH OF ST. TAMMANY, THE JUDGE THEREOF PRESIDING.

A monition has no other effect than to protect the purchaser against the claim of the defendant in execution, or that of any other person, resulting from any irregularity in the judgment or other proceedings, in making the sale.

The vendor of lots, when opposed by the builders' claim and privilege on buildings erected, is entitled to have the ground appraised separately from the houses, and to be paid from the proceeds of the ground, separately from that of the buildings.

The appraisement must be made by persons chosen by the vendor and builder; neither of whom can be concluded by an appraisement made without his knowledge.

This is an hypothecary action against the defendant, as third possessor of three lots of ground in the town of Mandeville. The plaintiffs allege they are the holders of two notes, dated the 22d September, 1837, payable eighteen months after date, one for four hundred and twenty-five dollars and the other for seven hundred dollars, executed by J. Penas, to the order of, and endorsed Jean Perjole Y Ripole; and that said notes were all protested for non-payment at maturity, but are secured by a mortgage on the lots in question ; and that they have in vain demanded payment from the

EASTERN DIST.
January, 1841.

CORDEVILLE &
LACROIX
vs.
HOSMER.

maker and endorser of said notes, more than thirty days before coming on the third possessor, who refuses to pay the same, or deliver up the lots so mortgaged, for their payment. They pray that the defendant be condemned to either pay said notes, or in default, that the lots be seized and sold to pay the same.

- The defendant pleaded a general denial ; and averred that he was the *bona fide* owner of the lots claimed ; having purchased them at sheriff's sale, under a judgment and execution obtained by Johnson & Hosmer, against said Penas & Ripole. That said sale was duly made, and has been perfected by a monition. He prays that the plaintiffs' demand be rejected.

It appears that the notes held by the plaintiffs, were given for the price of these lots, and they have the vendor's privilege and mortgage on them. That the judgment of Johnson & Hosmer, was for the price of buildings put on said lots since the sale ; and for which the builder's privilege was claimed. Both the lots and buildings were sold to satisfy this judgment, without any notice to, or making the plaintiffs, holding the vendor's privilege, parties. The defendant purchased in the lots and buildings at this sale, took out his monition and had the sale homologated.

There was judgment for the defendant, and the plaintiffs appealed.

*Bodin,* for the plaintiffs.

*Hennen,* contra.

*Martin, J.,* delivered the opinion of the court.

This is an hypothecary action against the third possessor of three lots of ground in the town of Mandeville. The plaintiffs allege they are the holders of two promissory notes signed by J. Penas, payable to the order of, and endorsed by Jean Perjole Y Ripole, the payment of which is secured by mortgage on the three town lots in question.

EASTERN DIST.    The defendant alleges he purchased these lots at sheriff's
January, 1841.  sale, made under an execution and judgment against the
CORDEVILLE &    maker and endorser of said notes, and that he holds the pro-
LACROIX        perty by a good and unencumbered title, which has been
*vs.*          perfected by a monition and judgment of homologation.
HOSMER.

There was a judgment for the defendant, and the plain-
tiffs appealed.

A monition      The defendant purchased at the sheriff's sale, made in
has no other ef- pursuance of a judgment obtained by Hosmer. & Johnson,
fect than to pro- for the price of a building which they had erected on these
tect the purcha-
ser against the lots, and for which they had a privilege as builders.   The
claim of the de-
fendant in exe- monition which homologated the sale by execution, has no
cution, or that of
any other per-  other effect than to protect the purchaser against the claims
son,   resulting of the defendant in the execution, or of that of any other
from any irre-
gularity in the *person, resulting from any irregularity in the judgment or any*
judgment    or
other   proceed- of the proceedings, between it and the final adjudication of
ings, in making the premises.
the sale.

In the present case, the plaintiffs do not complain that the
judgment was improperly obtained, nor of any irregularity in
the *issuing*, or *in the execution* of the writ of *fieri facias* under
The vendor of  which the defendant claims :  But they seek to exercise a
lots, when op-
posed by the  right, which they had no opportunity of opposing to *that* of
builder's claim
and privilege on the plaintiffs in the execution.   As subrogated to the
buildings erect-
ed, is entitled to rights of the vendor of Penas & Ripole, the defendants in the
have the ground execution, they are now opposed by, and are in concurrence
appraised sepa-
rately from the with the claim of the builders.   The *Louisiana Code* pro-
houses, and to be
paid from the vides that " when the vendor of lands finds himself opposed
proceeds of the by workmen, seeking payment for a house or other work
grounds   sepa-
rately from that erected on the land, a separate appraisement is made of the
of the buildings.
ground and of the house ; the vendor is paid to the amount
of the appraisement of the land, and the other to the amount
of the appraisement of the building:"   *Art. 3235.*

This appraisement must be made by persons chosen by the
vendor and the builder ; neither of whom can be concluded
by any appraisement made without his knowledge or partici-
pation.

An appraisement and sale are now for the first time neces-
sary to the exercise of the plaintiffs' rights as mortgagees.
They have been guilty of no *laches :* No opportunity having
been offered them, to concur in a proper and legal appraise-
ment.

EASTERN DIST.
*January,* 1841.

CORDEVILLE &
LACROIX
*vs.*
HOSMER.

The court below, in our opinion, erred, in disregarding the
claim of the present plaintiffs, and giving judgment in favor
of the defendants, who did not acquire, from the sheriff, any
of the rights of these plaintiffs on the premises, but only
those of the defendant in execution.

The appraise-
ment must be
made by persons
chosen by the
vendor and build
er; neither of
whom can be
concluded by
an appraisement
made without
his knowledge.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be annulled, avoided and re-
versed ; and, proceeding to give such judgment as the court
below should have rendered, it is, therefore, ordered, adjudg-
ed and decreed, that unless the defendant shall pay the plain-
tiffs' demand, to wit : the sum of eleven hundred and twen-
ty-five dollars, with interest, at the rate of ten per cent. per
annum, from the 22d March, 1839, until paid, and costs, the
three lots of ground described in the petition, be seized and
sold to satisfy said debt and costs. And it is further ordered,
that the defendant and appellee pay the costs of his opposi-
tion and those of the appeal.