JOHN McDONOUGH *v.* GUSTAVE LE ROY.

Plaintiff holding a mortgage for five thousand dollars on a lot of ground, prayed for an injunction to prevent defendant from selling certain improvements erected on the lot separately from the lot itself, for two hundred and ninety dollars damages, and for general relief. *Held,* that his claim was for damages in addition to the relief sought by preventing the illegal sale of the improvements on the lot on which he had a mortgage, and that the limitation of the damages to a sum less than three hundred dollars, could not prevent his right to appeal.

Workmen, or others having a privilege on improvements erected on ground on which the vendor has a mortgage, cannot cause such improvements to be sold separately from the ground on which they stand; they must be sold together, in order that the highest price may be obtained, to be divided between the parties, according to appraisement; the proceeds of the improvements to the parties having a privilege on them, and any surplus, with the price of the land, to the vendor.

THIS is an appeal from a judgment of the District Court of the

first district, *Buchanan*, J. The action was orignally instituted before the parish court of Jefferson, and the judgment of that tribunal was affirmed by the court from which this appeal is immediately taken. The plaintiff represented that he had sold a certain lot of ground, on which he retained a mortgage to secure the payment of notes to the amount of five thousand dollars, taken from his vendee for the price of the land; that the defendant, through the agency of the sheriff of the parish, was about to sell a house erected on the lot, separately from the lot itself; and he prayed for a writ of injunction to stay any further proceedings by him, for two hundred and ninety dollars damages, and for ' all other relief.' The defendant denied generally the allegations in the petition, prayed for its dismissal, and for a dissolution of the injunction, with damages.

MARTIN, J. The plaintiff is appellant from a judgment affirming that of the parish court of Jefferson, dissolving an injunction which he had obtained to prevent the sale of a house built on a lot of ground on which the plaintiff had a mortgage as vendor, and which the defendant, who had a privilege thereon for materials furnished, was attempting to sell separate and apart from the lot on which it had been erected. The parish court was of opinion that although the plaintiff had a privilege on the building, this privilege was not of as high a class as that of the defendant, the seller of the lumber.

The defendant and appellee has prayed for the dismissal of the appeal on the ground of the absence of jurisdiction in this court, the damages prayed for being only two hundred and ninety dollars; to which sum, it is urged, that the plaintiff reduced them for the purpose of depriving the defendant of his recourse to this court, in case the judgment had been for the plaintiff.

It does not appear to us that the appeal ought to be dismissed, the principal object of the plaintiff having been to prevent the sale of a house built upon a lot on which he had a mortgage, which sale he considered as injurious to him. The circumstance of his having claimed damages to the amount of two hundred and ninety dollars, a sum below our jurisdiction, in addition to the relief which is sought, ought not to prevent him from recurring to us, to prevent the illegal sale of a lot on which he had a mortgage, and which it is alleged, he had sold for five thousand dollars.

On the merits, the privileges of the parties are on different parts

of the property, which the law thinks it inconvenient to separate ; that of the plaintiff is on the lot, that of the defendant on the house. The plaintiff does not contest the privilege of the defendant, but complains of the illegal manner in which it is sought to be exercised by selling the building separately from the lot.

The Code, art. 3235 provides that 'when the vendor of lands finds himself opposed by workmen, seeking payment for a house or other work erected on the land, a separate appraisement is made of the ground and of the house ; the vendor is paid to the amount of the appraisement of the land, and the other to the amount of the appraisement of the building.'

In the case of *Cordeviolle & Lacroix* v. *Hosmer*, 16 La., 590, we held, that ' the appraisement must be made by persons chosen by the vendor and the builder ; neither of whom can be concluded by any appraisement made without his knowledge or participation.' In that case the defendant claimed the premises under a sheriff's sale, in consequence of a judgment obtained by the persons who had erected the buildings thereon, without any notice to, and without making the then plaintiffs, holding the vendor's privilege, parties ; and therefore the sale was by us considered as illegal. The law abhors destruction and waste ; the rights of a creditor are increased by the erection of a building on the mortgaged premises ; he therefore has a right to prevent an injury to those rights by the sale of the building separately from the lot, as by such a sale it is probable that the price of the materials only would be obtained. The law therefore guards the rights of the vendor and the builder, by directing the sale of both the objects on which their privileges rest together, in order that the highest price may be obtained.

The parish and district courts in our opinion erred in dissolving the injunction, which the plaintiff had obtained to prevent a sale injurious to his rights.

It is therefore ordered that the judgment of the district court be reversed; that the judgment of the parish court of Jefferson be also reversed, and the injunction reinstated, and made perpetual; the defendant and appellee paying all costs.

*G. Strawbridge*, for the appellant.

*Haynes*, for the defendant.