On July 16, 1940, Mrs. J.B. Atkins, Sr., filed suit against Willie V. Smith wherein she alleged that Willie V. Smith was indebted unto her in the full amount of $881.04, with 8% per annum interest on $267.11 from June 17, 1940, until paid, for this to-wit:
"2. That on August 23, 1924, your petitioner entered into a contract with Willie V. Smith, which said contract is attached hereto and incorporated herein the same as if copied here in extenso, wherein the said Willie V. Smith agreed to purchase Lot 18, Block 'C' of the Pine Grove Addition to the City of Shreveport, Louisiana, for the sum of $399.00, payable $1.00 cash and $1.00 per week, in advance, until paid.
"3. That the said Willie V. Smith has paid on said contract the amount of $271.00, all of which payments have been credited on the principal; the last of $24.50 was paid on June 17, 1940.
"4. That the said Willie V. Smith has often acknowledged said indebtedness under said contract and has kept said indebtedness alive by the payments on said principal as above set forth.
"5. That there is now due under said contract the sum of $128.00 on principal and $554.22 interest as provided in said contract, for which your petitioner has and hereby asserts a vendor's lien on the property above described and all improvements located thereon.
"6. That your petitioner has paid all city, state and parish taxes assessed against said property and the improvements thereon from 1925 through 1939, inclusive, amounting to $139.11, on which there has accrued interest amounting to $59.71, up to and including June 17, 1940, and making a total of $198.82; and your petitioner has and hereby asserts a lien for the amount of said taxes upon the property above described and all buildings and improvements located thereon."
Plaintiff prayed for judgment against Willie V. Smith in the amount sued for and that her lien and privilege upon lot 18, block "C" of Pine Grove Addition to the City of Shreveport and the buildings and improvements thereon be recognized and enforced and that the property be sold by the Sheriff of Caddo Parish at public auction with benefit of appraisement for cash to the highest bidder and that out of the proceeds plaintiff be paid her claim by preference and priority over all persons whomsoever.
On September 28, 1940, judgment was rendered by default against Willie V. Smith in accordance with the prayer of the petition.
On March 28, 1941, John Smith filed the following petition of intervention and third opposition:
"1. That your petitioner is the owner of a house built by him with his own funds in 1927 on Lot 18, Block 'C' of the Pine *Page 87 
Grove Addition to the City of Shreveport. Said house being constructed a good many years ago on the said lot with funds belonging to your petitioner at a cost to him of $1825.00, with the full consent and knowledge of the owner of the said Lot, Mrs. J.B. Atkins, Sr., the plaintiff in this suit, and that your petitioner is the head of a family and has been occupying this house as a homestead ever since he built it.
"2. That in the above numbered and entitled cause a suit was filed by the plaintiff, the said Mrs. J.B. Atkins, Sr., against the defendant, a married woman by the name of Willie V. Smith and the wife of your petitioner on August the 10th, 1940, in which the plaintiff alleged that the said Willie Smith signed a sales contract agreeing to pay $399.00 for the said Lot at the rate of $1.00 per week, to be applied first to the interest of the said balance, all as more fully shown by said copy of said contract and said plaintiff's petition already on record in this suit and made a part hereof by reference.
"3. That the said contract is a nullity on its face, since it has never been executed by the plaintiff or anyone representing the plaintiff and that more particularly it is a nullity as regards your petitioner, because he was no party to the contract nor to the suit and the plaintiff on March 13, 1941, under a writ of fi. fa. issued under the authority granted in this default judgment seized your petitioner's house and advertised it for sale as property belonging to the defendant to pay and satisfy the said judgment, as is also shown by copy of said advertisement attached hereto and made part hereof.
"4. That in accordance with the law your petitioner filed an affidavit of ownership with the Sheriff of Caddo Parish complying with all of the provisions of Act 37 of 1882, since Mrs. Atkins' agent told him that he could remove the house at any time.
"5. That your petitioner's property has not yet been released and that the plaintiff has stated through her attorney that she is not going to release it and the Sheriff states that he will not release it nor require the plaintiff to put up a bond and that therefore it has been necessary for your opponent to employ a lawyer for the purpose of prosecuting this action to have his lawful property released from this illegal seizure and that he is entitled to damages, namely, attorney's fees for the bringing of this action which said attorney's fees are hereby fixed at the sum of $500.00, or in the alternative, such amount as the Court may deem reasonable.
"6. That no property belonging to the defendant has been seized since even under a valid contract of sale such as the one in the case at bar might have been no transfer of title could have ever been made as shown by the record in this suit and that the real estate in question has always belonged to the plaintiff and that the improvements on the said real estate which were erected and are owned by your petitioner are his property and that no action has been brought against him and that therefore he should be allowed to remove his improvements from the property of the plaintiff.
"7. That your petitioner is a pauper and has no property except his house, which is a homestead and that this house is now in the custody of the Court and that he is unable to obtain a bond in order to enjoin the sale of his house and that therefore he alleges that in the event plaintiff sells his house that he should be reimbursed for its cost, which is the sum of $1825.00.
"8. Petitioner further shows that he has been a resident of the State of Louisiana for more than three years; that he has no income with which to pay the costs of this suit and cannot obtain a bond for this cost and that he is entitled to file this intervention and third opposition in forma pauperis.
"Wherefore, the above premises considered, petitioner prays that the plaintiff, the Sheriff and the defendant be served with a copy of this petition of intervention and third opposition and cited to appear and answer same; and that after all due proceedings had there be judgment rendered herein in petitioner's favor and against the plaintiff, Mrs. J.B. Atkins, Sr., in the full sum of $1,825.00 and $500.00 attorney's fees, plus legal interest from this date; or in the alternative, that there be judgment releasing petitioner's house from this illegal seizure and giving him a reasonable time to remove it and also a judgment in his favor and against plaintiff in the sum of $500.00 for attorney's fees, with legal interest from this date.
"Petitioner further prays that he be allowed and permitted to prosecute this suit in forma pauperis without the payment of *Page 88 
cost; and for all costs of these proceedings and for full, general and equitable relief."
[1] On September 4, 1941, Willie V. Smith applied for and was granted a devolutive appeal from the judgment rendered against her on September 28, 1940. She was authorized to prosecute the appeal in forma pauperis, thereby relieved of giving bond. The appeal was not returned here within the time fixed by the court due to the record having been lost by the Clerk of Court, as is shown by his affidavit. Certified copies of the documents comprising the record were substituted and the record as made up was returned here. The delay was caused by no fault of appellant, but entirely through the fault of the Clerk of Court. Appellant's appeal is therefore properly before us.
Neither the original nor a copy of the contract sued on by Mrs. Atkins is in the record. The petition alleges it is attached to and made part of it and it is to be presumed that it was so attached when the lower court awarded judgment by default. It is not intimated or claimed by appellee that the contract differed from the allegations of the petition. If there is any difference in any material respect, appellee can by proper procedure on application for rehearing have the original or a copy brought before the court.
[2, 3] Under the allegations of the petition, which cannot be enlarged by any evidence offered on confirmation of default, it is clear that Mrs. Atkins has never parted with title to lot 18, block C of the Pine Grove Addition to the City of Shreveport. It was at the time of suit in her name. She does not allege that a deed translative of property had ever been executed to Willie V. Smith, therefore, Mrs. Atkins could not, under any theory of law, have a vendor's lien on her own property and have it sold to pay such a frivolous and imaginary lien. As far as title to the lot was concerned, she did not and could not have any better title to it after purchasing it at such a sale than she already had, and certainly any third person who might have attempted to purchase the lot as the property of Willie V. Smith, who had no title to it, could not have received a good title.
It is clear, to our minds, that the judgment of the lower court, insofar as it recognizes Mrs. Atkins' vendor's lien upon lot 18, block C of Pine Grove Addition to the City of Shreveport, together with buildings and improvements thereon, and ordering it sold to satisfy that vendor's lien and privilege, is erroneous and must be reversed. What other rights Mrs. Atkins might have against Willie V. Smith can be shown only by the contract which was lost with the record. The case, therefore, will have to be remanded to have the original or a true copy of the contract sued on supplied and the case returned to this court.
[4] The claim of intervenor and third opponent is based upon the judgment of the lower court in the case of Mrs. Atkins v. Willie V. Smith, and if that judgment is erroneous, as we have found it is, there is nothing left to adjudge in the intervention and third opposition of John Smith. His claim will therefore be dismissed as of nonsuit.
It therefore follows that the judgment of the lower court, insofar as it recognizes Mrs. Atkins as having a vendor's lien and special privilege on lot 18 of block C, Pine Grove Addition to the City of Shreveport, and ordering this property sold, together with improvements thereon to satisfy her lien, is reversed. The right of Mrs. Atkins to a judgment of any kind against Willie V. Smith is to be determined by the contract sued on, which has been lost from the record.
The case is therefore remanded to have the original or a true copy of the contract filed in the record and the case returned to this court. The claims of intervenor and third opponent are dismissed as of nonsuit; cost of appeal to be paid by appellee and all other costs to await the final determination of the case.
 On Rehearing.
A rehearing was granted in this case upon application of counsel for two of the three parties to the suit.
We have carefully reviewed the record, including the many and varied contradictory pleadings in the case, and have come to the conclusion that our former opinion is correct and is the only judgment that could be rendered in the case which will do justice to all parties.
Therefore our former judgment is reinstated and made the judgment of this court. *Page 89