ODOM, Justice.
 

 Writs were granted in this case on the application of the relator, John Smith, and some two months thereafter, relator, -through his counsel, filed a brief in support of his allegations that the judgment of the Court of Appeal .was erroneous and should be reversed by this court. In one place in the brief, it is stated by counsel that relator “has departed this life”. In another place in the brief, counsel speaks of the “premature death” of relator. We therefore take notice that relator has died, presumably after the application for the writs was filed. The record does not disclose that the legal representatives of the deceased have been made parties.
 

 Section 1, Rule XIV of this court, provides that, if either an appellant or an appellee dies during the pendency of an appeal, “his or her legal representative may appear voluntarily, and, on sufficient showing of authority, may be made a party, appellant or appellee, as the case may be”.
 

 Article 361 of the Code of Practice provides that, “If after issue joined either the plaintiff or defendant die, it is not necessary to recommence the action; it continues between the surviving party and the heirs of the one deceased, pursuant to the provisions enacted in the first part of this Code”.
 

 In Edwards v. Whited, 29 La.Ann. 647, it was held that “A judgment oí this court, rendered for or against a person dead, and not represented here, is an absolute nullity”. See, also, Cambron Bros. v. Suthon et al., 148 La. 669, 87 So. 512. Therefore, any judgment which this court might render for or against John Smith would be an absolute nullity. The question as to who are the heirs or legal representatives of John Smith will have to be determined by
 
 *471
 
 the court of original jurisdiction, since the Supreme Court “shall receive no new evidence, even though it may have been discovered since the judgment below, except in the cases hereafter expressed”. Code of Practice, Article 894. It is necessary, therefore, that this case be remanded.
 

 For the reasons assigned, this case is remanded to the First Judicial District Court for the Parish of Caddo, for the sole purpose of permitting the heirs or legal representatives of John Smith to have themselves recognized as such so that they may, if they see fit, have themselves made parties here.
 

 HAMITER, J., recused.