ROGERS, Justice.
 

 On October 23, 1924, Mrs. J. B. Atkins, Sr., agreed to sell and Willie V. Smith agreed to purchase Lot 18, Block C, of the Pine Grove Addition to the City of Shreveport. The agreed purchase price was $399, payable $1 cash and $1 per week in advance until paid. Willie V. Smith paid Mrs. Atkins on account of the contract $271, the last payment of $24.50
 
 *563
 
 being made on June 17, 1940. On July 16, 1940, Mrs. Atkins filed suit against Willie V. Smith to recover judgment for $881.04, which she alleged was the balance due on the purchase price, and payment of taxes, with interest, coupled with a demand for the recognition and enforcement of a vendor’s lien and privilege upon the lot of ground and the improvements.
 

 Willie V. Smith, although personally cited, failed to answer the suit and on September 28, 1940, judgment by default was rendered in favor of Mrs. Atkins and against Willie V. Smith in accordance with the prayer of plaintiff’s petition.
 

 The defendant, Willie V. Smith, did not appeal suspensively from the judgment and after it became executory, the plaintiff, Mrs. Atkins, caused a writ of fieri facias to be issued, by virtue of which the sheriff of Caddo Parish seized the property and advertised it for sale. At the sheriff’s sale, which took place on July 2, 1941, the property was adjudicated to Mrs. Atkins for the sum of $800. Prior to the sale, John Smith, the husband of Willie V. Smith, intervened in the suit and filed a third opposition, alleging that he was the owner of the house which he had erected on the lot of ground with his separate funds; that the house was occupied by him and his family and was erected to the knowledge and with the consent of Mrs. Atkins, and that he had filed with the sheriff an affidavit of ownership in compliance with Act 37 of 1882. He prayed for judgment against Mrs. Atkins in a sum equal to the value of the house, together with attorney’s fees. In the alternative, he asked for a judgment releasing his home from the illegal seizure and giving him a reasonable time within which to remove the-house. Subsequently, he amended his petition and asked to be paid by preference- and priority out of the proceeds of the sale-a sum equal to the value of the house. On the day preceding the sheriff’s sale,. ■John Smith again amended his petition and asked that the sheriff be ordered to-hold the proceeds of the sale pending the-'further orders of the court. An order to-that effect was signed by the judge of the-district court. John Smith, however, did not apply for and obtain an order for a. separate appraisement and sale of the house of which he claimed the ownership.
 

 After an exception of no cause of action was overruled, Mrs. Atkins answered the opposition of John Smith. In her answer she alleged that the house was constructed by John Smith with community funds ^ that it was immovable property and subject to her vendor’s lien; that the sales contract, although purporting to be signed by Willie V. Smith, was in fact signed by John Smith who represented himself as being Willie V. Smith; that John Smith, made partial payments under the terms, of the contract, and that at all times, until-default, he recognized the contract as a valid and enforceable obligation of the community existing between him and his-wife, Willie V. Smith; that he had full knowledge of the contract and was therefore estopped from contending that it was. not a valid obligation of the community and that the property mentioned in the contract was not community property.
 
 *565
 
 Mrs. Atkins specifically denied that she had agreed with John Smith that he could, remove the house from the lot or that she had any agreement with reference to the lot other than the written agreement attached to her petition.
 

 The opposition of John Smith was tried •on its merits in the district court on November 14, 1941, and judgment was rendered and signed dismissing the opposition. The third opponent perfected an appeal from the judgment to the Court of Appeal for the Second Circuit. Previously, on •September 4, 1941, Willie V. Smith applied for and was granted a devolutive appeal from the judgment rendered against her on September 28, 1940. The Court of Appeal reversed the judgment of the district court, so far as he recognized Mrs. Atkins as having a vendor’s lien on Lot 18, •of Block C, Pine Grove Addition to the City of Shreveport, and ordering this property sold, together with the improvements, to satisfy her lien, and dismissed as of •nonsuit the third opposition of John Smith.
 

 On the application of John Smith, this Court granted a writ of review and set aside the judgment of the Court of Appeal, holding that the demand of the opponent, John Smith, based on the alleged ownership of the property, was not dependent -upon the outcome of the suit between Mrs. Atkins and Willie V. Smith and that the 'issue raised by such demand must be passed upon notwithstanding the entry of a judgment against Willie V. Smith. The Court accordingly remanded the case to the Court of Appeal for the purpose of passing upon the opposition of John Smith, who died while the case was pending in this Court and his wife, Willie V. Smith, individually and as tutrix for his two grandchildren, Johnnie Mell Jones and Berdie L. Jones, were made parties to the suit. Atkins v. Smith, 204 La. 468, 15 So.2d 855.
 

 On the second hearing of the case pursuant to the decree of this Court, the Court of Appeal rejected the demand of the third opponent and affirmed the judgment of the district court. On the application of Willie V. Smith, individually, and as tutrix of the minors, Johnnie Mell Jones and Berdie L. Jones, a writ of review was again granted by this Court and the matter is now before us for our further consideration.
 

 The record shows that John Smith at all times recognized the agreement of sale made by Willie V. Smith, his wife, with Mrs. J. B. Atkins as a valid and legally enforcible obligation of the matrimonial community existing between him and Willie V. Smith. In the year 1927, he erected a house on the lot of ground his wife agreed to purchase which he continued to occupy with his family until Mrs. Atkins, who agreed to sell the lot, obtained a judgment against Willie V. Smith, recognizing the lien and privilege claimed by her and authorizing the house and lot to be sold to satisfy her judgment. This judgment, as held by the Court of Appeal, was clearly erroneous, because Mrs. Atkins had never parted with title to the lot of ground she agreed to sell to Willie V. Smith, and she was not entitled to a vendor’s lien on her own property nor was she entitled to a'vendor’s lien on the
 
 *567
 
 house which John Smith had erected on the lot.
 

 Under our law, the house and other improvements placed by John Smith on the lot of ground owned by Mrs. Atkins being immovable by nature became a part of the lot. Civil Code, Arts. 464, 504; Westwego Canal & Terminal Co. v. Pizanie, 174 La. 1068, 142 So. 691; Buchler v. Fourroux, 193 La. 445, 190 So. 640.
 

 Article 504 of the Civil Code provides that things united to or incorporated with property belongs to the owner of the property, according to the rules established in the following articles. One of those articles is 508 which modifies the general rule announced in Article 504. Article 508 treats of the reciprocal rights and obligations of the owner of the land and of a third person who erects buildings on the land or otherwise improves it. The provisions of the article apply both to possessors in bad faith and possessors in good faith. In the case of a possessor in bad faith, the owner of the land is not considered as the owner of the constructions unless he elects to take them. He may require their demolition or removal. If he elects to keep the improvements, they become his and he owes the person who makes them the cost of material and the price of workmanship. If the person making the improvements does so in good faith believing himself to be the owner or to have the right to do so, the owner of the land built upon has no right of election. He can not refuse to keep the buildings. They are his as part of the soil, but he is bound to reimburse the builder in one of two ways, of which he has the choice— either by paying him the cost of material and the price of workmanship, or by paying a sum equal to the enhanced value of the land. The builder in good faith is thus made as it were the negotiorum gestor of the owner of the soil, and the works constructed by him are considered as made for and on his (the owner’s) account and brings into operation the rule of Article 505 of the Civil Code that “the ownership of the soil carries with it the ownership of all that is directly above and under it.” Johnson v. Weinstock, 31 La.Ann. 698.
 

 While the agreement of sale entered into between Willie V. Smith and Mrs. Atkins did not transfer the ownership of the lot of ground to the matrimonial community existing between Willie V. Smith and her husband John Smith, in view of the nature of the agreement and by the acts of the parties themselves, it amounted to a sale in the sense that it authorized John Smith and his wife to take possession of the lot and to build and occupy their home thereon.
 

 The agreement of Willie V. Smith to purchase the lot of ground owned by Mrs. Atkins provided for the payment of the purchase price of $399 on the basis of $1 cash and $1 per week in advance until paid. John Smith built the house on the lot under the agreement of sale with the knowledge of and without any objection from Mrs. Atkins. He must therefore be held to have acted in good faith and with the intent of ultimately paying for and becoming the owner for the benefit of the matrimonial community of the lot
 
 *569
 
 of ground improved by him. Therefore, at the time Mrs. Atkins brought the suit against Willie V. Smith she was the title owner of the lot and was also in a sense the owner of the house constructed thereon, subject to her obligation to pay John Smith either the cost of the material and the price of workmanship or a sum equal to the enhanced value of her land. In these circumstances, the Court of Appeal correctly held that [21 So.2d 89, 93]:
 

 “When the house and lot were sold in globo and Mrs. Atkins secured a deed to them from the sheriff, we found that she had not acquired any additional title. In other words, the sheriff’s sale was not made of property belonging to Mrs. Atkins’ debtors, but of property owned at the time by Mrs. Atkins, and since she had legal title to the property before the sale, she acquired nothing by virtue of the sale. After the sale had taken place, Mrs. Atkins was still the record title holder of the property and the community of acquets and gains existing between John Smith and Willie V. Smith was still the owner of the contract to sell the property.”
 

 The Court of Appeal further correctly pointed out in its opinion that the judgment erroneously rendered by the district court against Willie V. Smith, which it had reversed, had become final and that the sale of the property thereunder did not change in any manner its status as it existed before the suit and the illegal sale made under the judgment rendered therein.
 

 John Smith, the third opponent, appeared in the case solely because of the proposed sheriff’s sale and for the purpose of availing himself of certain benefits flowing therefrom. Since the sale has been annulled by the Court of Appeal and that judgment is now final, there are no benefits flowing therefrom of which John Smith can avail himself and, as correctly held by the Court of Appeal, there is nothing left in the case on which to base a judgment in his favor.
 

 The Court of Appeal further correctly held:
 

 “Third opponent, as head and master of the community existing between him and Willie V. Smith, had the same rights under the contract of sale after our former decision as he had before the suit was filed against Willie V. Smith. John Smith’s death has in no manner changed the legal aspects of the case.” The same thing may also be said of the present decision of the Court of Appeal.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed.