Plaintiffs, the widow and seven forced heirs of Fillipo Cascio, brought this suit against defendant, Sadie Depaula, for the purpose of being recognized as the owners of a certain described one acre plot of land in Tangipahoa Parish, together with the improvements on said land. *Page 454 
It is alleged that Fillipo Cascio, during his lifetime, made a donation of the abovementioned land to the Tangipahoa Parish School Board by a deed containing the following reversionary clause: "It is distinctly understood that this donation is made out of donor's feeling for the cause of education in the Parish of Tangipahoa, the said property to be used and enjoyed for said purposes, and that when the same shall be abandoned or cease to be used for the said cause of education, the said property shall revert back to the donor without the necessity of a formal transfer".
It is further shown that the School Board accepted the donation and erected a school building on this land and used it for educational purposes until April 3, 1945, at which time the School Board adopted a resolution discontinuing the use of this property as a school. No further action was taken in regard to the use or disposition of the property until the School Board, on September 4, 1945, sold to defendant for the sum of $750 the school buildings on said property. The plaintiffs then brought suit against defendant for the purpose of being recognized as the owners of the property, including the improvements thereon, and defendant called the School Board in warranty.
The School Board concedes that there is no dispute regarding the land. It admits that title to said land reverted to the widow and heirs of the donor when the property was abandoned for further use in the cause of education, and it is conceded by all parties that the School Board erected, owned and used the buildings thereon for school purposes until the use of the buildings for such purposes was discontinued by resolution of the School Board. The only matter in dispute is the title to the buildings located on said land at the time of the sale to defendant.
The trial judge rendered a judgment in favor of plaintiffs against defendant, awarding them title to the property donated to the School Board by Cascio, including the buildings thereon. Judgment was also rendered in favor of defendant, Sadie Depaula, against the Tangipahoa Parish School Board in the sum of $750 which he had paid for the buildings in the sale from the School Board. The School Board appealed from the judgment, and has filed in this court an exception of no right or cause of action.
[1] The exception of no cause or right of action is based on the ground that plaintiffs have not made the election as to whether or not they could keep the buildings on the property or require their removal as provided for in Article 508 of the Civil Code. This exception is not well founded for the reason that plaintiffs have made their election to keep the buildings by asking to be recognized as the owners of the acre of land and the buildings thereon. In other words, they could not demand that School Board remove the buildings and in this action maintain their position of claiming ownership. The exception of no cause or right of action is therefore overruled.
[2] On the other issues in the case, after reading and studying very carefully the decision of the Supreme Court in the recent case of Atkins v. Smith, 207 La. 560, 21 So.2d 728, 730, we are of the opinion that the plaintiffs can exercise only one of two choices; viz., pay for the improvements on the property or pay for the enhanced value of the land. We quote the following pertinent extract from the cited case:
"Article 504 of the Civil Code provides that things united to or incorporated with property belongs to the owner of the property, according to the rules established in the following articles. One of those articles is 508 which modifies the general rule announced in Article 504. Article 508 treats of the reciprocal rights and obligations of the owner of the land and of a third person who erects buildings on the land or otherwise improves it. The provisions of the article apply both to possessors in bad faith and possessors in good faith. In the case of a possessor in bad faith, the owner of the land is not considered as the owner of the constructions unless he elects to take them. He may require their demolition or removal. If he elects to keep the improvements, they become his and he owes the person who *Page 455 
makes them the cost Of material and the price of workmanship. If the person making the improvements does so in good faith believing himself to be the owner or to have the right to do so, the owner of the land built upon has no right of election. He can not refuse to keep the buildings. They are his as part of the soil, but he is bound to reimburse the builder in one of two ways, of which he has the choice — either by paying him the cost of material and the price of workmanship, or by paying a sum equal to the enhanced value of the land. The builder in good faith is thus made as it were the negotiorum gestor of the owner of the soil, and the works constructed by him are considered as made for and on his (the owner's) account and brings into operation the rule of Article 505 of the Civil Code that 'the ownership of the soil carries with it the ownership of all that is directly above and under it.' Johnson v. Weinstock, 31 La. Ann. 698."
It is undisputed that the School Board placed these buildings on the land in good faith and with a perfect right to do so under the terms of the donation from plaintiffs' ancestor. It therefore follows from what is said in the cited case that the donor's heirs became the owners of the buildings at the moment the land reverted to them by reason of the resolution of the School Board discontinuing the use of the property for school purposes, with the obligation on their part either to reimburse the School Board by paying it the cost of materials and the price of workmanship, or by paying a sum equal to the enhanced value of the land.
The only possible distinction that we can see in the situation in the present case and that in the cited case is that in the cited case the buildings were put on the property by a purchaser under a contract for title but who did not own the property in fee simple. However, the purchaser in that case had as much right to put the buildings on the property which he was purchasing under a contract as did the School Board in this case which held title to the land under an imperfect ownership and with a clause in its title by which the property would revert under certain conditions. Article 490 of the Civil Code states that ownership is imperfect when it is to terminate at a certain time or on a condition. Article 1559 of the Civil Code provides among other things that a donation inter vivos is liable to be revoked or dissolved where there is a condition in the donation for the legal or conventional return of the property. The School Board held the land under these conditions in much the same manner as the purchaser in the cited case who had the right to possess the land which was being purchased with the right to become full owner on complying with the conditions of the purchase.
For the reasons assigned, it is ordered that, in so far as the judgment appealed from condemned the Tangipahoa Parish School Board to pay the defendant, Sadie Depaula, the sum of $750, with legal interest from September 4, 1945, and costs, the said judgment is hereby affirmed; in all other respects, the said judgment is reversed and set aside, and the case is remanded to the district court in order to give the plaintiffs the right to determine within a reasonable time whether or not they will exercise their choice of reimbursing the Tangipahoa Parish School Board the value of the materials and the price of workmanship for the buildings placed on said land by it, or by paying said School Board a sum equal to the enhanced value of the soil, said amounts to be determined by agreement of the parties, or by proper legal proceedings; plaintiffs to pay the cost of the appeal, and all other costs not herein provided for to await the final termination of the case. *Page 456