FOURNET, Justice.
 

 This is a suit by the widow and heirs of John Smith to recover from Mrs. J. B.
 
 *372
 
 Atkins, Sr., the sum of $1,800 for the cost of a building erected on the property of Mrs. Atkins in good faith, plus $500 attorney fees for the alleged illegal seizure and sale of the building, or, in the alternative, the sum of $1,100, being the alleged appraised value of the building at sheriff’s sale, plus $500 attorney fees.
 

 The matter in controversy has been before the Court of Appeal for the Second Circuit and before- this court on two previous occasions. Atkins v. Smith et al., La.App., 21 So.2d 85; Atkins v. Smith (Smith, Intervenor), 204 La. 468, 15 So.2d 855; Atkins v. Smith et al., La.App., 21 So.2d 89; and Atkins v. Smith (Smith, Third Opponent), 207 La. 560, 21 So.2d 728. It is now before us for the third time on an order of the Court of Appeal for the Second Circuit, La.App., 23 So.2d 649, transferring here, because of its lack of jurisdiction in view of the amount involved, the appeal taken by the plaintiff from the judgment of the lower court dismissing her suit on the defendant’s exception of no cause of actipn and plea of res judicata, the latter being based on our decision in the case of Atkins v. Smith (Smith, Third Opponent), 207 La. 560, 21 So.2d 728.
 

 It appears that Mrs. J. B. Atkins, Sr., on October 23, 1924, agreed to sell to Willie V. Smith Lot 18 in Block C of the Pine Grove Addition to the City of Shreveport, Louisiana, for $399, payable $1 in cash and $1 weekly in advance. Of this amount Willie V. Smith had paid $271, the last payment being made on June 17, 1940, one-month before Mrs. Atkins instituted suit and subsequently recovered judgment by default against Willie V. Smith in the sum of $881.04 (claimed to be the balance due-on the purchase price plus taxes and interest), with recognition of her vendor’s lien and privilege upon the lot of ground and the improvement that had been placed thereon, Mrs. Atkins purchasing the property for herself for $800 when it was seized and sold at sheriff’s sale. Prior to the adjudication, however, John Smith, the husband of Willie V. Smith, filed a third opposition alleging his ownership of the house constructed on this lot with his separate funds and praying for judgment against Mrs. Atkins for the value of the-house and attorney fees. In the alternative, he asked for a judgment releasing the home from seizure and giving him time-within which to remove the same. He subsequently amended his petition, claiming the right to be paid by preference out of the proceeds of the sale and while he failed to ask for a separate appraisement of the house and lot, the sheriff was ordered to hold the proceeds of the sale pending further court orders on the motion of the opponent. Smith’s opposition was dismissed, by the trial judge.
 

 On appeal to the Court of Appeal for the Second Circuit, the judgment of the district court in so far as it recognized the claim of Mrs. Atkins to a vendor’s lien and privilege was reversed, it appearing on the face of the papers that she owned the prop
 
 *374
 
 erty, never having executed a deed to Willie V. Smith, and that she could not, therefore, hold a vendor’s lien on her own property. The opposition of John Smith, since it was based on the judgment of the lower court held to be erroneous, was dismissed as of nonsuit. Atkins v. Smith et al., La.App., 21 So.2d 85.
 

 In reviewing the judgment on a writ of certiorari, this court reversed that decision in so far as it held the demand of the opponent John Smith, based on the ownership of the building constructed on the lot, was dependent on the outcome of the suit between Mrs. Atkins and Willie V. Smith and remanded the case to the Court of Appeal with instructions for the court to pass ■on the third opposition. Willie V. Smith, in her individual capacity as the widow in community and also as the tutrix of the two grandchildren of John Smith, was made the third opponent in the case by or■der of this court when it was called to our attention that John Smith had died while the case was under consideration here. Atkins v. Smith (Smith, Intervenor), 204 La. 468, 15 So.2d 855.
 

 After the case was returned to the Court •of Appeal, the judgment of the district court rejecting the demands of the third •opponent on the ground that there was nothing left on which to base a judgment in his favor, his demands being grounded •on an erroneous judgment that no longer existed, was affirmed. Atkins v. Smith et al., La.App., 21 So.2d 89.
 

 When this judgment was brought to this court on another writ of certiorari, we found as a fact that John Smith erected the house on the property of Mrs. Atkins in good faith and that while she became the owner thereof, it being immovable by nature, she. was obligated to pay Smith “either the cost of the material and the price of workmanship or a sum equal to the enhanced value of her land.” And although we did affirm the judgment of the Court of Appeal dismissing Smith’s third opposition for the reasons given by that court, we specifically recognized his right or that of his heirs “to claim, in a proper proceeding, reimbursement from the plaintiff for the improvement placed on her property by John Smith with her consent.” Atkins v. Smith (Smith, Third Opponent), 207 La. 560, 21 So.2d 728, 731.
 

 One month later this suit was filed to recover $1,800, the alleged value of the construction or improvements, plus $500 attorney fees for the alleged wrongful seizure and sale of the property and John Smith’s deprivation thereof, or, in the alternative, the sum of $1,100, the alleged appraised value of the structure, plus $500 attorney fees, the above judgment of the Supreme Court in which the facts of the case as heretofore ’stated are contained being made a part of the petition.
 

 Under these facts, which must be accepted as true for the purpose of disposing of the exception of no cause of action and also of the plea of res judicata, since the second judgment of this court forming the basis of such plea was attached to and made a part of the plaintiff’s petition, we fail to appreciate under what theory the
 
 *376
 
 trial judge maintained the exception and the plea since he has failed to assign any reasons for his judgment, for the petition clearly states a cause of action and the matter in controversy was not only not adjudicated upon by this court in the judgment pleaded as res judicata, but the very rights here sought to be enforced were there specifically reserved to the plaintiff.
 

 For the reasons assigned the judgment of the District Court for the First Judicial District maintaining the exception of no cause of action and the plea of res judicata and dismissing the plaintiff's suit is annulled and set aside; the exception and plea are overruled, and the case is remanded to the lower court for further proceedings consistent with the views herein expressed and according to law. Costs of this appeal are to be borne by the appellee; all future costs are to await the final determination of the matter.