This marks the seventh time this particular matter of litigation has been before this Court or the Supreme Court of the State of Louisiana on one ground or another. Citations marking the appearance of the litigation before the appellate courts of the State are as follows: Atkins v. Smith et al., La. App., 21 So.2d 85; Atkins v. Smith (Smith, Intervenor),204 La. 468, 15 So.2d 855; Atkins v. Smith et al., La. App.,21 So.2d 89; Atkins v. Smith (Smith, Third Opponent) 207 La. 560,21 So.2d 728; Smith v. Atkins, La. App., 23 So.2d 649; and Smith v. Atkins, 211 La. 369, 30 So.2d 121.
On the occasion of the last appeal to this Court we declined jurisdiction and transferred the appeal to the Supreme Court. Smith v. Atkins, La. App., 23 So.2d 649. The Supreme Court accepted jurisdiction and rendered judgment. Smith v. Atkins,211 La. 369, 30 So.2d 121.
Examination of the record, with which we have become exceedingly familiar, discloses the obvious fact that the basis of the claims made by plaintiff, the nature of the relief sought, and the amount of her demands, are identically the same as appeared on our last consideration. In view of this fact, and since we have once before declined jurisdiction, and since the Supreme Court assumed jurisdiction on our transfer of the appeal, we are at a loss to consider on what ground this Court could be considered as having acquired jurisdiction of this appeal.
Plaintiff-appellee has filed a motion to dismiss the appeal on the ground that the same was intentionally taken to the wrong court for the purpose of delay. Under the provisions of Act No. 19 of 1912 with respect to the transfer of cases, Dart's Statutes, Section 1427, after finding that a case is within the appellate jurisdiction of the Supreme Court, a Court of Appeal is not vested with discretion as to dismissing the appeal. Soniat v. Clesi, 165 La. 426, 115 So. 644. *Page 385 
For the reasons assigned the motion to dismiss is refused and it is ordered that this appeal be transferred to the Honorable the Supreme Court of the State of Louisiana. Defendant-appellant is hereby granted a period of sixty days from and after the date upon which this decree becomes final within which to effect the transfer and to perfect her appeal in said Court, failing which action within the time fixed, this appeal is to stand dismissed.