PONDER, Justice.
 

 The widow and heirs of John Smith seek to recover from the defendant the sum of $1,800.00 for the cost of a building erected on the defendant’s land by John Smith, and $500.00 as attorney’s fees for the alleged wrongful seizure and sale of the building, or in the alternative the sum of $1,100.00, the alleged appraised value of the building, plus $500.00 attorney’s fees.
 

 On October 23, 1924 the defendant agreed to sell to Willie V. Smith Lot 18 in Block “C” of the Pine Grove Addition of the City of Shreveport for $399.00, payable $1.00 in cash and $1.00 weekly in advance. John Smith, husband of Willie V. Smith, erected a building on the lot. Willie V. Smith paid $271.00 on the purchase price of the lot. Since she made the last payment on
 
 *6
 
 June 17, 1940, there has been a series of litigation growing out of the agreement to purchase the lot and over the building erected thereon by John Smith. See Atkins v. Smith et al., La.App., 21 So.2d 85; Atkins v. Smith, 204 La. 468, 15 So.2d 855; Atkins v. Smith et al., La.App., 21 So.2d 89; Atkins v. Smith, 207 La. 560, 21 So.2d 728; Smith v. Atkins, La.App., 23 So.2d 649 and Smith v. Atkins, 211 La. 369, 30 So.2d 121.
 

 The present suit was entertained by us on appeal from a judgment sustaining an exception of no cause of action and a plea of res adjudicata. The judgment was overruled and the case was remanded for further proceedings. We pointed out therein that the plaintiff was entitled to recover for the building, either the cost of the material and the price of the workmanship, or a sum equal to the enhanced value of the land. See Smith v. Atkins, 211 La. 369, 30 So.2d 121.
 

 On the trial of the merits of this case the lower court gave judgment in favor of the plaintiff for $600.00 with
 
 5%
 
 interest per annum from July 2, 1941 until paid, one-half of such amount to the widow individually and the other half to the widow for the use and benefit of the widow and heirs, and rejected the demand for attorney’s fees. The defendant has appealed. The plaintiff has answered the appeal asking that the judgment be increased'to $1,-100.00 and for $500.00 as attorney’s fees.
 

 The appellant takes the position that the value of the building fixed by the district court is correct but that the district court erred in failing to give the defendant credit for the amounts due her, and in allowing plaintiff to recover any amount from the defendant as the amount due 'her exceeded the value of the improvement.
 

 The defendant alleges in her answer that she is entitled to $881.04 for the balance due on the purchase price of the lot plus taxes and interest which she alleges was recognized in a prior judgment. She reconvened and asked for judgment in this same amount as the balance due on the purchase price of the lot plus taxes and interest or, in the alternative, for the amount of taxes that she had paid and interest on the delinquent installments or, in the further alternative, for a reasonable rental value of the property.
 

 It is provided in the contract to purchase ‘the lot that, on the failure of the purchaser to make the weekly payments, the seller may at her option either declare the entire balance of the purchase price due and collectable or she may rescind the contract herself and convey the lot or take possession of it. It is stated therein that in the event of rescission the payments made by the purchaser shall be retained by the seller as liquidated damages for the breach of the contract. The evidence shows that the defendant has taken the property and sold it to another person and that she has retained the amount paid on the pur
 
 *8
 
 chase price. Since she has rescinded the contract and retained the amount paid on the purchase price as liquidated damages she cannot recover additional damages. Under the terms of the contract she had the option to rescind the contract and retain the amount paid on the purchase price, which she has exercised. Having exercised her option to rescind, she cannot now re.cover the balance due on the purchase price and additional damages growing out of the breach of the contract.
 

 The appellees are not entitled to an increase in the judgment based on an appraisal made at the time the building was seized. The lower court predicated its judgment on the actual market value of the improvements, in other words, on evidence of what a willing seller would receive from a willing buyer. The judgment in this respect is correct.
 

 The plaintiff is not entitled to recover attorney’s fees. There was no injunction asked for or granted to prevent the sale of the property but a mere opposition was filed which was disposed of after the case had been tried on its merits.
 

 Ordinarily attorney’s fees are not allowed in civil actions in the absence of statute or contract. Meraux & Nunez, Inc., v. Gaidry, 171 La. 852, 132 So. 401; Rhodes v. Collier, 215 La. 754, 41 So.2d 669.
 

 The only exception to this rule is where a temporary restraining order or conservatory writ has been dissolved prior to the trial of the merits of the case. Ducros v. St. Bernard Parish Police Jury,
 
 200
 
 La. 766, 8 So.2d 694; Department of Conservation v. Reardon et al., 200 La. 491, 8 So.2d 353.
 

 Where the property of a third person is illegally seized and he is forced to enjoin the seizure in order to release his property, attorney’s fees may be recovered as damages. Gilkerson-Sloss Commission Company v. Yale, 47 La.Ann. 690, 17 So. 244; Ludeling v. Garrett, 50 La.Ann. 118, 23 So, 94; Soniat v. Whitmer, 141 La. 235, 74 So. 916; Alfano v. Franek, 159 La. 498, 105 So. 598.
 

 A third opposition may be prosecuted without an injunction but it does not prevent the sale. It is only where the property is released from seizure by proceedings disposed of prior to the trial of the merits of the case that attorney’s fees are allowable. As pointed out in the Reardon case, where the attorney’s fees are not incurred exclusively for the dissolution of a temporary restraining order or a conservatory writ, they are not allowable. Where there is no effort made to dissolve a seizure and the writ fails as a result of the trial on the merits there would be no way of determining between the attorney’s services for dissolving the seizure and those for defending the suit. Under such circumstances, the attorney’s fees cannot form an element of damages for the wrongful issuance of the writ because to do so would be to allow
 
 *10
 
 attorney’s fees for defending the suit on the merits.
 

 For the reasons assigned, the judgment is affirmed at appellant’s cost.