JOHNSON, Judge.
The plaintiff is a roofing contractor. The defendant employed him by written contract to repair and partly reconstruct a built-up roof and to waterproof the parapet wall of ,a commercial building in the City of New Orleans according to detailed specifications written into the contract, for the price of $2,844.00, payable in six monthly installments of $474.00 each, beginning at the completion of the work. The job was completed on September 24, 1958, and the first installment was paid. No other payment ¡having been made this suit was filed on September 19, 1959, to collect the unpaid remainder of $2,370.00 with interest and 20% attorney fees. The case was tried on March 7, 1961, and the trial Court on that day rendered judgment in favor of the plaintiff for the principal and interest claimed. The defendant was granted a suspensive appeal and the plaintiff answered the appeal to have the judgment amended to include attorney’s fees.
Defendant’s answer 'admits the contract but denies the indebtedness, alleging that through plaintiff’s “improper, faulty and negligent construction and through poor workmanship” the roof leaked and damaged the interior of the building and some merchandise. On the basis of that allegation defendant asks that the contract be rescinded. Defendant’s answer also sets up a reconventional demand in the sum of $3,224.00, described as follows:
“(a) Water damage to the interior ceiling, acoustical tiles, and plastered walls on both the first and second floors- $1,785.00
“(b) Water damage to merchandise stored on the second floor of the building- 300.00
“(c) The cost of completing the installation and construction of the parapet wall roofing to prevent leaking and water damage- 665.00
“(d) Restoration of payment made to plaintiff under the contract for breach of contract- 474.00”
J. F. Finnan, plaintiff’s superintendent, said he had been continuously engaged in the roofing business for thirty-one years; that he was familiar with this contract and was on this job during its performance every day and sometimes twice a day; that the work was done in accordance with the specifications of the contract, and that the work was done in a good, workmanlike manner; that during the first part of the work when they were scraping down the roof it rained and two leaks showed up but neither one was at the wall, and there was no damage caused by them. Plaintiff stopped these leaks and continued the construction to completion. After the job was finished there was a complaint about leaking and plaintiff sent men to repair and stop the leak. About a year later they had complaints and he and Mr. Loeb went to the building after a heavy rain and found no evidence of present leaking.
E. P. Cook, another employee of plaintiff, said they had three complaints from the defendant: One was during the performance of the work; one was in January, 1959, and the other was in July, nearly a year after the work had been completed. In response to complaints in July, Mr. Finnan and Mr. Loeb went to the building after a heavy rain but found no evidence of recent leaks or damage.
The evidence proves the completion of the contract in a workmanlike manner and that the amount claimed is past due and owing.
*489 The defendant was at that time a partnership. Only David Rabin, one member of the partnership, testified. The only other witness was Mr. W. H. Wolfson, an independent contractor, who apparently was called to testify in connection with the re-conventional demand. Mr. Rabin testified that while plaintiff was in the performance of the contract, they had no complaints as to the type of work being done by plaintiff. Then later, after a heavy rain, the roof leaked, the interior walls became stained and the paint peeled off. The plaintiff sent men to the building and they corrected the trouble somewhat but not completely. Mr. Rabin acknowledged, however, that the reason he employed plaintiff to repair the roof was because some damage to the walls already had been done but only to a slight extent. He would not say that plaintiff did all the damage, but he thinks the plaintiff did the biggest portion of the damage.
On the matter of his claim for damages to merchandise, defendant had fifty gross of hair nets stored in the building. These nets cost $6.00 per gross. He does not say that all of them were damaged, nor what the damage consisted of, and he has not made any effort to sell them, though the claim is for the full value of all of the merchandise. Said defendant could not give the size of the walls involved, or the amount of paint necessary to paint them. He hired Mr. Wolfson in August, 1959, to give him a lump sum price to recondition the whole interior of the first and second floors, but did not engage Wolfson to do the work. Defendant did about fifty per cent of it with his own employees. No information was given as to what was the cost of the work done. Defendant had the whole exterior waterproofed. Mr. Wolfson first saw the building in August, 1959. He found paint coming off and some damage to the plaster and tile. He thought the damage was of recent origin, though he said he couldn’t tell when it occurred. He estimated the cost of reconditioning the whole of the interior of the building would be the sum of $1,785.00. This figure in elude J some portions of the interior “elsewhere,” which we understand to mean at points the condition of which could not be attributable to this plaintiff.
The evidence in support of the reconventional demand falls far short of that which is required to prove anything. Evidence is substantiation of a disputed claim must be itemized, definite, reasonable and convincing. Defendant’s evidence here is none of these.
The provisions in the written contract with reference to attorney fees is that:
“ * * * Should it become necessary for vendor to place this contract in the hands of an attorney for collection, the vendee agrees to pay 20% of the principal and interest as attorney fees * *
This is not a sale of property and there is no explanation of who is the vendor and who is the vendee in this contract.
The judgment appealed from is affirmed, with costs to be paid by defendant.
Judgment affirmed.