BOLIN, Judge.
This is a suit upon a promissory note signed by defendant, Earleen B. Horowitz, in the principal sum of $500, which instrument provided for a pledge of 59 shares of stock of the International Paper Company as collateral security for the payment thereof. Named as defendants, in addition to Horowitz, were J. B. Ploward and the brokerage firm of Merrill, Lynch, Pierce, Fenner & Smith. Defendants Horowitz and Howard did not contest their liability, but the brokerage firm filed an exception of no cause or right of action and after same was overruled filed its answer. After trial on the merits in the City Court of Bossier City, plaintiff was awarded judgment against all defendants, in solido, from which Merrill, Lynch, Pierce, Fenner & Smith has appealed.
The testimony was not transcribed, but the trial judge has favored us with a written opinion wherein he has, outlined the evidence in detail. From his statement of facts, the pleadings and exhibits we have encountered no difficulty in ascertaining the facts which we will briefly relate.
Earleen B. Horowitz executed a promissory note in the principal sum of $500 plus interest and attorney’s fees payable to plaintiff, and pledged as security some International Paper Company stock owned by the maker. Subsequently, Horowitz contacted Baker and said she desired to purchase stock in Keystone Custodial Funds and requested that she be allowed to sell the International Paper Company stock and use the proceeds to purchase the Keystone stocks which she would in turn substitute under the pledge securing the promissory note. Plaintiff agreed to go along with this under certain conditions. Thereafter Mrs. Horowitz, through her broker, J. B. Ploward, made arrangements with plaintiff’s attorney, L. G. Campbell, for the pledged stock to be exchanged. Mrs. Horowitz secured the services of Merrill, Lynch, Pierce, Fenner & Smith to sell the International Paper Company stock. After the brokerage firm secured a purchaser for the stock, it called on Mrs. Horowitz to deliver the certificates. As Mr. Campbell had possession of the International Paper Company stock certificates, Horowitz requested of him permission to take them to the brokerage firm. However, Mr. Campbell properly representing his client, would not surrender possession of the pledged collateral to the maker of the note. Instead he telephoned the Shreveport office of Merrill, Lynch, Pierce, Fenner & Smith and secured an understanding from them about the transaction. He thereafter mailed the stock certificates by registered letter to the Shreveport firm together with a letter of instructions that the check for the sale of the stock was to be made to Mrs. Horowitz but mailed to him because the stock certificates had been deposited with him as pledge to secure a promissory note. This letter of transmittal was also signed by Mrs. Horowitz. After receiving this letter the brokerage firm turned over some $2000 to Horowitz as the net proceeds of a sale they had made of her International Paper Company stock. Neither Horowitz nor her broker, J. B. Howard, paid plaintiff the amount due under the note or substituted the Keystone stock as collateral for the International Paper Company stock and the present litigation ensued.
Merrill, Lynch, Pierce, Fenner & Smith have specified as errors the following actions of the trial court:
1. In failing to sustain the exception of no cause or right of action.
*739 2. In holding- appellant liable on a promissory note which it had never signed, endorsed or otherwise agreed to pay.
3. In allowing recovery for conversion of pledged stock against the alleged converter where the amount of damages is neither pleaded nor proven.
We will dispose of the above specified errors in the order given and as the first two are interwoven, we will discuss them together. Appellant’s liability does not stem directly from the promissory note. A review of the petition and the written opinion of the trial judge reflects that only defendant, Horowitz, was cast on the note itself. The liability of appellant was based on its neglect to handle the sale of Horowitz’s stock pursuant to the written and verbal instructions of plaintiff’s attorney. It had no legal or moral right to sell this stock except under the instructions contained in the cover letter attached to the stock when it was received from plaintiff’s attorney.
We find no merit in the last alleged error except insofar as the judgment appealed from allowed interest and attorney’s fees as provided in the promissory note. Appellant introduced an exhibit showing it sold the International Paper Company stock for a net amount of $2050.15. There is no dispute that this sum was given to Mrs. Horowitz. Therefore, plaintiff’s loss has clearly been shown to be the principal amount of the note as the amount realized from the sale of the stock exceeded the amount of the note. We agree with appellant that insofar as the judgment appealed from cast it for the amount stipulated in the promissory note for interest and attorney’s fees, same was in error. As correctly pointed out in able counsel’s brief, attorney’s fees are not assessable as an item of damages unless provided for by law or contract. Hamilton v. Goeders (La.App. 2 Cir., 1960) 121 So.2d 859 (and cases cited therein).
The judgment appealed from is accordingly amended so as to eliminate the award for attorney’s fees and interest at eight per cent and substitute therefor legal interest from judicial demand until paid, and as thus amended is affirmed at appellant’s cost.
Amended and affirmed.