146 So. 473

NEWSON v. NEWSON.

No. 31837.

Jan. 30, 1933.

Rehearing Denied Feb. 27, 1933.

Robert James Newson, H. B. Lingle, and Edward Barnett, all of Shreveport, for appellant.

Robert Roberts, Jr., of Shreveport, for appellee.

OVERTON, Justice.

This is an appeal from a judgment ordering defendant to pay plaintiff for the care

and maintenance of Lenore Newson, the minor child of the marriage of plaintiff and defendant, the sum of $30 a month, beginning October 2, 1931, payable monthly in advance, subject to a credit of $30 already paid, so long as the child is in the custody of plaintiff, the custody having commenced on the date named, and also ordering defendant to pay plaintiff $100, as the fee of her attorney for prosecuting the present case. Plaintiff was awarded the custody of the child by judgment of the district court, which was this day affirmed. See Robert J. Newson v. Lenore S. Newson, 176 La. 694, 146 So. 472.

The reasons why defendant resists the payment of the alimony for the maintenance of his child, who is only six years old, are: (1) Because in a settlement of the community rights, brought about by a separation from bed and board, in a suit between the spouses wherein plaintiff herein, who was the party cast, assumed, it is urged, the obligation of relieving defendant from the duty imposed upon him of contributing to the support of his child, which assumption, it is contended, relieves plaintiff of the obligation of support; and (2) that defendant is unable to contribute to the maintenance of the child.

It suffices to say, without entering into a consideration of the effect or validity of such an agreement, if made, that the record does not support the position that plaintiff obligated herself, in the settlement of the community rights, to relieve defendant of the duty imposed upon him of contributing to the maintenance of his child. The agreement of settlement is in the record, and it contains no provision whatever for the support of the child, but is completely silent on

that question. Barring certain property, which was divided in kind, the agreement estimates the value of the community at $4,-000; recites the execution of deeds of sale from plaintiff to defendant, for her one half of the part valued, for the price of $2,000, $200 of which is declared to have been paid cash; recites that the balance of $1,800 is made payable at the rate of $75 a month; declares that the rights of plaintiff, under the contract, are purely personal to her and are neither assignable nor heritable; recites that the contract cannot be made the subject of litigation; and that defendant assumes all of the debts of the community. Aside from any question of the admissibility thereof, the slight oral evidence in the record is insufficient to sustain the position assumed by defendant.

It is the duty of a father to contribute to the support of his child. Civ. Code, art. 229. The evidence of defendant, as to what his income is, is not as clear and satisfactory as it might be. It appears, however, that his salary in the coffee business is $150 a month. This is paid him whenever there is sufficient money in the treasury of the company to pay him. We gather from the evidence that he is usually paid. He is also interested in a small typewriter business, and has begun the practice of law, neither of which seem to be sources of income, at present. He, however, stands some chance of deriving additional income from these sources. Plaintiff has no income, and has not been able to procure a permanent position thus far. The $75 a month which she is supposed to get, in discharge of the $1,800 due her for her one-half of the com-munity property, is not income, but capital. Besides, she must live.

▮ We are not prepared to say that the trial court erred in fixing the child's alimony, the child being six years of age, at $30 a month. In fact, we fail to see how the court could have done otherwise, unless the sacrifice should be forced upon the child instead of upon the father. Plaintiff has asked that the amount be increased to $50 a month; but we are unable to allow any increase.

▮ Defendant also urges that he should not be required to pay the $100, allowed by the trial court as attorney's fees, for the prosecution of this demand. Alimony, it may be said, is essential for the child's sustenance. When payment of it is refused, or a sufficient amount is refused, the child should be placed in position to obtain it, and this may be accomplished only by allowing reasonable attorney's fees, where the child is successful. The alimony allowed should not be eaten up partially by attorney's fees, and the child thereby deprived, in part, of the object and purpose of allowing it. This is implied in the reason of the law for granting alimony. Although resting on somewhat different grounds, and not exactly parallel to the present case, it may be observed that, in Benedict v. Holmes, 104 La. 528, 29 So. 256, which was approved in Lester v. Lester, 160 La. 708, 107 So. 499 (see, also, Spiller v. Spiller, 170 La. 813, 129 So. 212), the fee of the attorney of the wife who has successfully prosecuted a suit for separation from bed and board was allowed as a charge against the community, on a quantum meruit, and in Gosserand v. Monteleone, 159 La. 316, 105 So.

356, 42 A. L. R. 310, the wife's attorney's fee was allowed, although the suit ended, prior to judgment, by the reconciliation of the parties. The fee, in the present instance, which is reasonable, was properly allowed.

The judgment is affirmed.

O'NIELL, C. J., dissents from the decree in so far as it condemns the defendant to pay the plaintiff's attorney fee.

ST. PAUL, J., absent on account of illness, takes no part.