SHANNON, Chief Judge.
The appellant was the defendant in the court below, while one of the appellees herein, Peter C. Kauffmann, was plaintiff in this suit for a declaratory decree. After a final decree for the plaintiff, the defendant brought this appeal.
In 1954 Phillip C. Kauffmann died, leaving a Last Will and Testament. He was survived by his widow, Gloria Goodwin Kauffmann, and the following children: Peter, Phillip, Jr., Angelica, Lane and Victor. The son, Peter, and the daughter, Angelica, were the children of Gloria and Phillip Kauffmann. The other children were born to the deceased by prior wives. By the terms of the deceased’s Will, all real property and tangible personal property were left to his wife. All the .remainder of the estate was left in a residuary trust, under the terms of which the income was to be paid to his wife for1 life, and upon the death of the wife the trust assets were to be divided into two parts. The income from one part was to go to the son, Phillip,, Jr., for his life and upon his death the corpus of that part was to go to his lawful issue. Identical arrangements were made for the other part in favor of the son Peter. It was also provided that in case either Phillip or Peter died without issue, then the share of that brother was to go to the other brother. Gloria Goodwin Kauff-mann elected to take dower against the terms of the Will and hence lost her rights under the Will.
In April of 1955, Gloria, who was the natural and legal guardian of her son, Peter, filed a petition and received an order removing the plaintiff’s non-age disability. Peter did not request or participate in these proceedings, and was at the time eighteen years old. Approximately one year later Peter executed an assignment to his mother of his entire income from the trust for her lifetime.
Subsequently this suit was instituted by Peter Kauffmann seeking a declaration of his entitlement to an equal share with his brother of the accrued and future income of the above described trust. The testimony, which was quite voluminous, was taken before the chancellor, and the final decree provides, in part, as follows:
“A confidential relationship existed between the Plaintiff and the Defendant at the time the assignment, which is the subject matter of this suit, was executed and the Defendant, who procured or received the benefit from this transaction has wholly failed to carry the burden of proof which the law cast upon her, to show affirmatively that the assignment was executed by the Plaintiff fairly, openly, voluntarily and with an understanding of the facts.
“The benefit passing from the Plaintiff to the Defendant GLORIA GOODWIN KAUFFMANN, was at no time considered a gift by either of the parties and no valid or recognizable consideration passed from the Defendant or passed to the Plaintiff.
*253 “The confidential relationship found to exist between the parties at the time of the execution of the assignment in question was abused by the Defendant GLORIA GOODWIN KAUFF-MANN, and the evidence in this cause clearly indicates that said Defendant exerted undue influence over the Plaintiff in securing the assignment. She should not be permitted to be unjustly enriched under such circumstances.”
The estate with which we are dealing here was relatively large and the evidence which was adduced was adequate so that we feel it unnecessary to specifically set out any portions of it in this opinion. Suffice it to say, the chancellor’s decree is based on conflicts of evidence and this evidence amply sustained his findings.
While the questions of the appellant are rather general in their nature, they go to the substance of this case, and are: 1) Does the evidence show the, existence of a confidential relationship between Peter and his mother as of the date of the assignment in question ? 2) Does the evidence show that the mother exerted undue influence towards plaintiff in causing him to execute the assignment in question? After studying the record in this case, particularly the communications between Peter and his mother, it is our opinion that the chancellor could have taken no other action than he did.
We are interested in one Florida case which factually is very similar to the present one. This is the case of Williams v. Grogan, Fla.1958, 100 So.2d 407, wherein there was a conveyance by a son to his mother of his interest in his deceased father’s estate. It was executed by the son because of his unlimited confidence in his mother and upon her assurance that she would take care of his interests and that she would not devise the property to third parties. The mother died, leaving a Will in which the property was specifically devised to other beneficiaries. The son brought suit against her estate for specific performance of an alleged oral agreement by his mother to leave certain property to him, or, in the alternative, to impress a trust on the assets of the mother’s estate. Mr. Justice Thornal, speaking for the court, stated, in part:
“* * * [Tjhere was adequate and almost conclusive evidence submitted by the witnesses for the appellees that would show clearly that the mother and ultimately her estate were unjustly enriched to the extent of the property conveyed to her by the deed and traceable into her estate as of the time of her death. To this extent we have the view that equity under the circumstances should construct a. trust in favor of the appellant in the assets of his father’s estate in which he had an interest and which can be traced by proper accounting into the assets of his mother’s estate. Wadlington v. Edwards, Fla.1957, 92 So.2d 629.
“The rule is well established in Florida and elsewhere to the effect that when a person acquires title to property through the influence of a confidential .relationship or otherwise obtains an advantage which he should not in good conscience be permitted to retain, a court of equity will prevent the abuse of the confidence and grant relief on the broad principle that one should not be permitted to be unjustly enriched under such circumstances at the expense of another. Benbow v. Benbow, 117 Fla. 37, 157 So. 512; Seestedt v. Southern Laundry, Inc., 149 Fla. 402, 5 So.2d 859.
“ * * * This record sustains the conclusion that the mother and ultimately her estate were unjustly enriched to the -extent of the son’s interest in property left to him by his father which can be traced into the assets of the mother’s estate by virtue of the deed of conveyance. The unjust enrichment arose out of a confidential relationship. * * * ”
*254 While the relief sought in the Williams case was not identical to that sought here, the prevailing rationale of the Williams case is applicable in the instant one and constitutes authority for the decision of the chancellor below, and for our decision. The record contains evidence sufficient to support the finding that the property in question here was obtained through the influence of a confidential relationship and that, if allowed to retain it, appellant would be unjustly enriched at the expense of Appellee Peter C. Kauffmann.
Affirmed.
ALLEN and SMITH, JJ., concur.