162 So.2d 103 (1964)
Gall LANDRY, wife of Wayne E. STOLTZ,
v.
Wayne E. STOLTZ.
No. 1349.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 1964.
Rehearing Denied April 6, 1964.
Writ Refused May 27, 1964.
Reed, Reed & Reed, Floyd J. Reed and James M. Lockhart, Jr., New Orleans, for plaintiff-appellant.
Wayne E. Stoltz, in pro. per.
Before SAMUEL, TURNER and BARNETTE, JJ.
SAMUEL, Judge.
Plaintiff obtained a judgment against the defendant awarding her a separation from bed and board, custody of their minor children and alimony at the rate of $40.00 per week for the support and maintenance of herself and the children. Several months later she filed a rule against the defendant alleging he was five weeks in arrears in the weekly alimony payments. The rule sought judgment in the sum of $200.00 for past due alimony and $75.00 for attorney's fees incurred in connection with the filing and prosecution of the rule, a total of $275.00.
Immediately after trial defendant paid the full amount of the past due alimony and the district court dismissed the rule, holding that plaintiff could not recover attorney's fees. Plaintiff has prosecuted this appeal only from that part of the judgment which denies the recovery of attorney's fees. She *104 relies upon the case of Mickenheim v. Cathcart, 228 La. 890, 84 So.2d 449, 54 A.L.R.2d 1418, as supporting her contention that she has a right to recover attorney's fees incurred in enforcing the collection of alimony.
We find the cited case is not authority for such a proposition. In that case the wife had obtained judgment against the husband awarding her a separation from bed and board, custody of a minor child born of the marriage and alimony for the maintenance and support of herself and her child, together with attorney's fees and costs. After the judgment became final she caused the issuance of a writ of fieri facias and garnishment of the husband's employer to collect alimony, court costs and attorney's fees, the latter in the amount of $500.00. The defendant, a seaman in the employ of a shipping company, moved to dissolve the garnishment on the ground, among others, that it violated the provisions of 46 U.S.C.A. § 601, a statute exempting the wages of seamen from court attachment or arrestment except such as involved support and maintenance of a seaman's wife and minor children. The court held that the purpose of the exemption was to protect not only the husband but also his family and for that reason the exemption did not apply to the demand for attorney's fees expended by the wife in obtaining the award for support and maintenance of herself and her child. It further held that the exemption did apply to the attorney's fees incidental to the securing of the judgment of separation. The case was remanded for the purpose of determining the attorney's fees and costs attributable only to the alimony portion of the judgment. But the court did not, and could not, pass upon the question of whether the wife could recover attorney's fees expended by her in obtaining the award for support and maintenance of herself and her child. That question was not before the court because the judgment awarding attorney's fees had become final.
Ordinarily attorney's fees are not recoverable unless provided for by statute or by contract. Stack v. Irwin, La.App., 158 So.2d 853; Baker v. Horowitz, La.App., 147 So.2d 737; Loeb v. Rabin, La.App., 146 So.2d 487; Scurria v. Russo, La.App., 134 So.2d 679; 34 Tul.L.Rev. 146. That general rule is applicable here. We know of no law, and none has been pointed out to us, which permits an award for attorney's fees incurred in enforcing collection of alimony. It is true, of course, that where there is community property the wife can recover attorney's fees in connection with an action for separation from bed and board or divorce. Her right to do so has been established by the jurisprudence. But that right is an exception to the general rule and, insofar as we know, has never been extended to an action involving only the collection of alimony.
The Supreme Court case of Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902, is directly in point on the question presently under consideration. In that case the wife had obtained a divorce from her husband together with custody of their children and alimony for herself and the children. She filed petitions seeking an increase in future alimony and the recovery of accrued alimony which had not been paid. She also prayed for the recovery of attorney's fees incurred in connection with the filing and prosecuting of the petitions. The trial court granted attorney's fees. The Supreme Court reversed on that point and held that the wife was not entitled to such an award.
The judgment appealed from is affirmed.
Affirmed.