315 So.2d 402 (1975)
Russell Joseph GAUTHREAUX, Plaintiff-Defendant in reconvention-Appellee,
v.
Judy Ann GAUTHREAUX, Defendant-Plaintiff in reconvention-Appellant.
No. 5058.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
W. Ellis Bond, Lake Charles, for plaintiff-appellant.
Russell Joseph Gautreaux, in pro per.
Before FRUGE, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
On November 26, 1969, the plaintiff, Russell Gauthreaux, filed suit against his wife for separation from bed and board. Judy Gauthreaux subsequently reconvened, seeking a judgment of separation in her favor. Judgment, in this regard, was granted Judy Gauthreaux on January 21, 1970, with a final divorce being rendered on June 10, 1971. On this latter date the wife was also awarded the permanent care, custody, and control of three minor children born of the marriage. Russell Gauthreaux was further ordered to pay $45.00 per week for support of the children. On September 6, 1974, defendant-wife (plaintiff in reconvention) filed an action in these proceedings seeking delinquent, unpaid child support payments (in the sum of $215.00) and attorney's fees for filing and prosecuting the action. A trial on the cause was held on October 18, 1974, with judgment subsequently being rendered in favor of Judy Gauthreaux and against her husband in the sum of $215.00, plus legal interest until paid. Attorney's fees were denied. Judy Gauthreaux has appealed, specifying as error the District Court's refusal to allow attorney's fees.
The sole issue presented herein is whether attorney's fees, incurred by the wife (on behalf of minor children) in prosecuting an action for past due child support, are chargeable against the delinquent paying *403 husband under the statutory and jurisprudential law of this state.
Generally, recovery of attorney's fees is allowed only when authorized by statute or contract. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970).
Our jurisprudence, however, has at times created a number of exceptions to this general rule, theretofore not statutory, such as: where a temporary restraining order or conservatory writ has been dissolved prior to trial[1]; occurrences of deliberate and unlawful forcible trespass upon property of another[2]; in some cases when the owner of property is compelled to enjoin an illegal seizure and sale in order to release his property[3]; and when a wife incurs attorney's fees in prosecuting a suit for separation or divorce, whether she is successful or not, with the obligation to pay resting upon the community.[4]
Defendant-wife (plaintiff in reconvention) contends that, similarly, another such exception was created in Newson v. Newson, 176 La. 699, 146 So. 473 (1933), which supports the argument for attorney's fees in the present action.
The trial judge herein, however, relied upon the later Supreme Court decision of Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902 (1950), which refused to allow attorney's fees to a wife for her prosecution of an action to recover accrued alimony (for maintenance and support of herself and minor children born of the marriage) and to have future alimony payments increased subsequent to divorce. This case was later followed in Stoltz v. Stoltz, 162 So.2d 103 (La.App. 4th Cir. 1964). The District Judge herein distinguished the above-mentioned Newson case on the basis that attorney's fees were awarded therein to a wife incident to an original action of separation (and therefore clearly provided for in the jurisprudence) rather than under a suit for unpaid child support brought after the final divorce. We differ with the interpretation placed by the trial court on the Newson case.
Newson v. Newson, 176 La. 694, 146 So. 472 (1933) involved an appeal by a husband (who had previously been granted a separation from bed and board) from a judgment on a rule to modify custody in favor of his wife. In Newson v. Newson, 176 La. 699, 146 So. 473 (1933), (the case relied upon by the plaintiff herein), the same wife in the above-mentioned action filed a separate suit[5] to require her husband to provide for their infant's support. Defendant-husband resisted payment on several grounds. From a judgment ordering him[6] to pay $30.00 a month for care and maintenance of the minor child, and $100.00, representing the attorney's fees of the wife for bringing the action, the husband appealed.
*404 In Newson the court stated in pertinent part:
". . . It is the duty of a father to contribute to the support of his child. Civ. Code, art. 229.
. . . Alimony, it may be said, is essential for the child's sustenance. When payment of it is refused, or a sufficient amount is refused, the child should be placed in position to obtain it, and this may be accomplished only by allowing reasonable attorney's fees, where the child is successful. The alimony allowed should not be eaten up partially by attorney's fees, and the child thereby deprived, in part, of the object and purpose of allowing it. This is implied in the reason of the law for granting alimony.. . ." 146 So. 474.
Later the court in Newson analogized its awarding of the attorney's fees to the situation where a wife sues for separation from bed and board. The court, however, clearly recognized a distinction in the two situations by the following language:
". . . Although resting on somewhat different grounds, and not exactly parallel to the present case, it may be observed that, in Benedict v. Holmes, 104 La. 528, 29 So. 256, which was approved in Lester v. Lester, 160 La. 708, 107 So. 499 (see, also, Spiller v. Spiller, 170 La. 813, 129 So. 212), the fee of the attorney of the wife who has successfully prosecuted a suit for separation from bed and board was allowed as a charge against the community, on a quantum meruit, and in Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310, the wife's attorney's fee was allowed, although the suit ended, prior to judgment, by the reconciliation of the parties." 146 So. 474.
We conclude that another exception to the general rule regarding attorney's fees was intentionally created by the court in Newson. The reason for this additional exception is different from that behind the rule requiring the community (or the husband as head and master thereof) to be responsible for the attorney's fees incurred by the wife in a separation or divorce, i.e., the fact that the right to sue for separation of property would be practically barren if she could not charge same against the community. Gosserand v. Monteleone, supra, Benedict v. Holmes, supra. See also Tanner v. Tanner, supra. The reason given by the court in Newson for allowing attorney's fees in an action for child support is the fact that if payment of child support is refused by the husband, thereby requiring the wife to file legal proceedings, the child should be allowed to obtain same without it being consumed by attorney's fees. The same reasoning is applicable, even more so, when past due child support is sought.
Although the Wainwright and Stoltz decisions are essentially to the contrary, both courts indicated in effect that they knew of no law or had been referred to none which provided for fees in a case of this kind. Newson apparently was never brought to the attention of either court.[7]
Nevertheless, we choose to follow the Newson decision.
For the above and foregoing reasons the judgment of the trial court is reversed insofar as it denied attorney's fees, and it is hereby ordered, adjudged, and decreed that same be granted to Judy Gauthreaux and against Russell Gauthreaux, in the sum of $100.00, i. e. the amount requested by counsel for appellant. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to Russell Gauthreaux.
Affirmed in part, reversed in part, and rendered.
NOTES
[1] Smith v. Atkins, 218 La. 1, 48 So.2d 101 (1950); Brantley v. Tugwell, 223 La. 763, 66 So.2d 800 (1953); Now statutory via LSA C.C.P. Art. 3608.
[2] Nicol v. Illinois Central R. Co., 44 La.Ann. 816, 11 So. 34 (1892). But see: Rhodes v. Collier, 215 La. 754, 41 So.2d 669 (1949); Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir. 1959).
[3] Smith v. Atkins, supra; Soniat v. Whitmer, 141 La. 235, 74 So. 916 (1916). But see: Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1958); Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La. App. 3rd Cir. 1969).
[4] Parker, Seale & Kelton v. Messina, 214 La. 203, 36 So.2d 724 (1948); August v. Blache, 200 La. 1029, 9 So.2d 402 (1942). See also: Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (1955), legislatively overruled in part under amendment of Civil Code Article 155 by Act 178 of 1962, which also recognized this jurisprudential exception.
[5] The original judgment of separation apparently had not fixed child support.
[6] The trial judge did not render judgment taxable against the community, the latter having been previously disposed of by settlement.
[7] One can only surmise the reason for the oversight. We note, however, that none of the Justices on the Court in 1933 (when the Newson decision was handed down) were also on the Court in 1950, at the time of the Wainwright decision.