328 So.2d 711 (1976)
James Charles JANISE, Plaintiff and Appellee,
v.
Magdalene Gobeil JANISE, Defendant and Appellant.
No. 5368.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1976.
Rehearing Denied April 7, 1976.
Writ Refused June 2, 1976.
*712 Nathan A. Cormie and Ronald Bertrand, Lake Charles, for defendant-appellant.
Levingston & Liles by Henry R. Liles, Lake Charles, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
CULPEPPER, Judge.
The mother filed a rule against the father to have past due child support payments made executory, to have the father held in contempt, and for attorney's fees for prosecution of this rule. Defendant-in-rule filed a reconventional demand seeking to have the child support payments previously fixed by the court reduced and also seeking reasonable attorney's fees.
The district court ordered that the past due child support payments in the sum ofn $152.50 be made executory, that defendant-in-rule be held in contempt but without penalty, and that the child support be reduced from $187.50 to $160 per month. But it denied all claims for attorney's fees. Plaintiff-in-rule appealed. Defendant-in-rule answered the appeal, seeking to have the child support further reduced.
The issues are: (1) Whether the district court abused its discretion as to the reduction of child support payments. (2) Whether plaintiff-in-rule is entitled to attorney's fees necessary to litigate the rule for past due child support payments. (3) Whether the trial court abused its discretion in assessing the wife with one-third of the court costs.
*713 The facts show that the parties were separated from bed and board by judgment dated April 24, 1975. In that judgment, the mother received custody of the three year old child of the marriage. The father was ordered to pay for the support of the child the sum of $187.50 per month, payable in two equal installments of $93.75 on the 1st and 15th of each month. This figure was agreed to by joint stipulation of the parties.
REDUCTION OF CHILD SUPPORT
The first issue is whether the trial judge erred in reducing the child support by the father from $187.50 to $160 per month. Of course, both fathers and mothers have the duty to support their minor children. LSA-C.C. Article 227. The amount should be in proportion to the needs of the child and the ability of the parents to pay. LSA-C.C. Article 231. A previous award of child support may be reduced where there is a change of circumstance either in the needs of the child or the ability of the person obligated to pay. LSA-C.C. Article 232; Collette v. Olivier, 309 So.2d 894 (La.App., 3rd Cir. 1975). The trial judge has great discretion in fixing the amount of child support and in the modification thereof. His judgment will not be disturbed on appellate review in the absence of a showing of abuse of discretion. Wingo v. Cook, 306 So.2d 370 (La.App., 3rd Cir. 1975).
Under these rules, let us examine the facts of the present case. On April 24, 1975, when the original judgment ordered the father to pay $187.50 per month, he was employed as a construction worker on a job at Cities Service Refining Corporation. He was earning about $8 an hour. During the year 1974, he had earned a total of $11,647. At that time, the mother was also employed, earning $2 per hour. Under these circumstances, the father was ordered to pay $187.50 per month for the support of the child, whose custody was awarded to the mother.
About one month after the original judgment, the father's employment on the job at Cities Service terminated. He then worked on other construction jobs in different places in Louisiana with intermittent periods of unemployment. However, the evidence shows that by the time of the trial of the present rule on September 5, 1975, Mr. Janise had received an income of about $7,100 during the first eight months of 1975. On this basis, the trial judge calculated that the father's income had decreased after the original judgment from about $1,000 per month to about $800 per month. Another factor which the trial judge considered in reducing the child support by the father, was that by the time of the trial of this rule the mother's earnings had increased to $2.50 per hour. On this basis, the district judge reduced the father's child support obligation to $160 per month, payable $80 on the 1st and 15th of each month.
We find no abuse of the trial court's great discretion in this reduction of the child support by the father.
ATTORNEY'S FEES
The next issue is whether the mother is entitled to attorney's fees necessary to litigate the rule to make past due child support payments executory. In his reasons dictated into the record at the conclusion of the trial, the district judge rejected the wife's claim for attorney's fees. He stated that under the circumstances of this case, where the relief sought by the wife and that sought by the husband were intertwined, and the husband was partially successful in that he secured a reduction in child support payments, the parties should pay their own attorneys.
The facts show that when the father agreed to the original judgment on April 24, 1975, he had hopes that he could obtain permanent employment at Cities Service and would be able to make the payments of $93.75 in child support on the 1st and 15th of each month. He made the payment due *714 on May 1. However, his job at Cities Service was terminated on about May 3, and he had no funds with which to make the payment due on May 15. He testified he received an income tax refund check of $90.80 payable to him and his wife and that he kept $40 and gave her the remaining $50.80 during the latter part of May. He does not contend this $50.80 paid part of the May 15 installment, but he considered it did help his wife care for the child.
During June and July he worked on different construction jobs at different places in Louisiana but was unable to find steady employment. He was a member of a union based in Kansas City and priority on these jobs was given to members of Louisiana unions. Nevertheless, using his earnings from these jobs and some of the unemployment compensation which he drew, he made the child support payments through that due on August 1.
The mother filed the present ruled on August 11, 1975, alleging that one installment in the sum of $93.75 (the one due on May 15) was past due. She also prayed for $750 for attorney's fees.
At the trial of the rule on September 5, 1975, the father testified he had not made the payment due on May 15 because he simply did not have the funds. He related his story about having difficulty finding jobs and not being able to work steadily. Due to decreased earnings and to the increased expense of traveling and living on these jobs, he had not been able to make up the May 15 payment. However, he stated that he wanted to support his child, and that he was going to pay it as soon as he could.
There was no evidence that the wife had made any demand on the father to pay this May 15 installment before she filed the present rule.
The evidence at the hearing also showed that the father had paid only $35 on the installment due on September 1, leaving $58.75 due on that payment. Thus, on the date of the trial on September 5, a total of $152.50 was past due, and this amount was made executory.
In the recent case of Gauthreaux v. Gauthreaux, 315 So.2d 402 (3rd Cir. 1973) a different panel of this Court (Fruge, Miller and Domengeaux) discussed in detail the unsettled state of the jurisprudence on the question of whether the mother can recover from the father attorney's fees incurred in prosecuting an action for past due child support. In Gauthreaux, the court logically started with the well established general rule that attorney's fees are not allowed in the absence of a statute or contract which provides for them. The court then noted that jurisprudence has initiated a few exceptions to this rule. As to the particular exception at issue here, the court noted that in Newson v. Newson, 176 La. 694, 146 So. 473 (1933) our Supreme Court allowed attorney's fees. However, in Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902 (1950), that Court, without discussing the prior Newson case, denied the mother's claim for attorney's fees with the statement: "We know of no law and have been referred to none which provides for such fees in a case of this kind."
In Stoltz v. Stoltz, 162 So.2d 103 (4th Cir. 1964), our brothers of the Fourth Circuit Court of Appeal denied the wife's claim for attorney's fees, citing Wainwright as authority but making no mention of the Newson case. Our Supreme Court denied writs in Stoltz, 246 La. 349, 164 So.2d 352, with the statement: "No error of law in the judgment."
After calling attention to the above unsettled state of the jurisprudence, the panel of this Court in Gauthreaux, stated that it preferred to follow Newson. Accordingly, the Gauthreaux panel awarded the mother an attorney's fee of $100. There was no application for writs in Gauthreaux.
The panel in Gauthreaux stressed the reasoning in Newson that where it is necessary to employ an attorney to collect past *715 due child support, the mother should not have to use part of the amount collected to pay the attorney's fees. The rationale is that this would tend to defeat the purpose for which the support payments were ordered.
On the other hand, where the father has reasonable cause for his failure to make the payments as ordered, such as unemployment or illness or other causes beyond his control, then a strong argument can be made that the trial judge should have the discretion to consider all of the circumstances and decide whether attorney's fees should be allowed. Perhaps the rule should be that the father should be assessed with attorney's fees only where he is arbitrary or capricious in failing or refusing to pay child support. Also, maybe the rule should require demand for payment as a prerequisite to recovery of attorney's fees.
This case illustrates the difficulty of developing an exception to a rule through jurisprudence, on a case-by-case basis, rather than by drafting a comprehensive statute.
We conclude that in the present case we should not follow the rule as stated by a different panel of this Court in Gauthreaux v. Gauthreaux, supra. Our reasons are as follows: (1) The basic well established general rule is that attorney's fees are not allowed in the absence of a statute or contract providing for them. (2) Although our Supreme Court departed from this general rule in the Newson case in 1933, it adhered to the general rule in Wainwright in 1950, and by the denial of writs in Stoltz in 1964, these latter rulings being the last expressions of our Supreme Court on this matter. (3) Even if an exception to the general rule is to be recognized, we think it should be strictly limited to those cases where the father has been arbitrary or capricious in his failure to pay, and that this matter should be left largely to the discretion of the trial judge. (4) In the present case, we find no abuse of the discretion of the trial judge in refusing attorney's fees.
We would like to add that if attorney's fees are to be allowed in these cases, this could best be accomplished by appropriate legislation. In the absence of legislation, we respectfully suggest that our Supreme Court grant writs in the present case and decide whether attorney's fees can be recovered in these cases, and, if so, that the court state a comprehensive jurisprudential rule as a guide to the lower courts.
COURT COSTS
The district judge reasoned that since each party was partially successful, the mother should pay one-third and the father two-thirds of the costs in the district court. The trial judge has much discretion in assessing court costs. We find no abuse of that discretion here.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-in-rule appellant.
AFFIRMED.
DOMENGEAUX, J., concurs in part and dissents in part and assigns written reasons.
DOMENGEAUX, Judge (concurring in part and dissenting in part).
I agree that it was within the discretion of the trial judge to reduce the monthly support payments. This reduction was made on the basis that the father had been laid off subsequent to the time when the original award was made. The father was a boiler maker, worked in construction, made good money ($8.00 per hour), and his job was such that layoffs were rather customary. Actually the wife testified that during the six or seven years that he was in this employment, the layoffs were a fairly regular pattern in his work. Be that as it may, the trial judge was on the *716 ground floor, and I do not feel that he abused his discretion in reducing the support payments. (However, it is interesting to note that since this appeal has been taken the wife has filed a new rule to increase child support claiming that since September 5, 1975, the date that the award was reduced, the father is now again employed, currently making approximately $10.00 per hour, presumably as a boiler maker. This hourly rate, if correct, is actually $2.00 per hour more than he was making before.)
On the Court cost question, the trial judge caused the wife to pay one-third of the costs on the rule because the husband was successful in getting the child support reduced. The majority affirms this ruling, and I find no abuse of discretion.
On the question of denial of attorney's fees, I feel compelled to disagree with the majority, although I recognize the respectability of their argument on that question; and their calling attention to the generally unsettled state of the jurisprudence. Notwithstanding, it cannot be denied that the father was behind in his payments, the trial judge made these arrearages executory, and finally found the father in contempt for non-payment as required by the Court's order. No authorities are required for the elementary proposition that a support judgment under the facts of this case, remains in effect until it is changed by the court which ordered it. The fact that there was a reduction ordered in this case does not affect the father's responsibility up to that time. The Supreme Court decision of Newson stands for the definite proposition that if the father is delinquent in his child support payments and the wife has to sue to collect same, she is entitled to attorney's fees. The Gauthreaux case, which I authored (panel of Fruge, Miller, and Domengeaux) followed Newson. Concerning the subsequent Supreme Court Wainwright case, which was followed by the Fourth Circuit in Stoltz (1964), it is evident that neither court was cognizant of the existence of the Newson case. I noted in Gauthreaux (Footnote 7) that none of the Justices of the Supreme Court in 1933 (when Newson was decided) were also on the court in 1950 (when Wainwright was decided). Additionally the headnote in Newson is not carried in the Digest. The Newson case is not properly indexed and not catalogued on the question of attorney's fees. The Digest, under "Divorce, Key 222" carries the Wainwright and Stoltz cases, but not the Newson case.
I feel bound to follow Gauthreaux and therefore dissent from the portion of the majority opinion which affirms the trial court's judgment denying attorney's fees. On that score, however, I would join my colleagues in suggesting that the Supreme Court grant writs in this case to clear up the jurisprudence.
For the above and foregoing reasons I respectfully concur in part and dissent in part.