337 So.2d 245 (1976)
Joy Dees BALDWIN, Plaintiff-Appellee,
v.
Jerry BALDWIN, Defendant-Appellant.
No. 5556.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1976.
Rehearing Denied September 20, 1976.
*246 Collings & Collings, by Robert L. Collings, Lake Charles, for defendant-appellant.
Hunt, Godwin, Painter & Roddy, by Fred R. Godwin, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and BERTRAND, JJ.
GUIDRY, Judge.
Defendant-Appellant, Jerry Baldwin, appeals from a judgment of the trial court which recognized a Texas Judgment of Divorce; decreed such foreign judgment entitled to full faith and credit as to accrued child support installments, subject however to the prescription of three years provided for by LSA-R.C.C. Article 3538; awarded plaintiff-appellee judgment in the principal amount of $5460.00; and, awarded plaintiff wife attorney's fees in the amount of $750.00. We affirm.
The trial judge rendered written reasons for judgment which accurately sets forth the applicable facts and correctly disposes of the principal issues in dispute. We adopt his well reasoned opinion as our own, except the part thereof concerning the award of attorney's fees.
"Plaintiff obtained a divorce from defendant by judgment of the 139th District Court of Hidalgo County, Texas, in the matter of `Joye Dees Baldwin vs. Jerry Baldwin' No. 3517 on the docket of that court, dated June 8, 1960. The judgment granted her custody of the four children of the marriage, and further ordered
`. . . that the defendant shall contribute to the support of said children, the sum of $35.00 per week, payable every two weeks on or before the 6th and 21st day of each month, to the Clerk of this Court, . . . such sums paid to the Clerk in turn to be delivered by the Clerk to the plaintiff herein for the maintenance and support of said children, and *247 such payments are to continue until the youngest of said children shall reach the age of eighteen years, or until the further orders of the Court.'
Plaintiff brought this action for recognition of the divorce decree in Louisiana, and to have it made executory and to have certain arrears in the support payments fixed and judgment rendered against the defendant for the amount of accrued and unpaid support payments due under the decree, and for attorney's fees.
Defendant initially filed an exception to the jurisdiction of the court which was overruled. Thereafter, additional pleadings were filed by the defendant and the matter was tried on its merits.
In defense of the suit, defendant contends that this court lacks jurisdiction, that the plaintiff does not have a right of action or cause of action, that plaintiff has failed to prove her case and further urges the application of a prescriptive period of three years to all past due child support payments. Alternatively, defendant contends that judgment should be rendered against him only for child support payments accruing after January 1, 1974.
Plaintiff concedes that her claim for past due child support payments is limited to the period of the three years immediately preceding the date of the filing of this suit, February 24, 1975, and limits her claim to $35.00 per week for 156 weeks, or a total of $5,460.00. Her youngest child had not as yet reached the age of 18 years on February 24, 1975.
The general rule is that a foreign judgment concerning alimony or child support is entitled to full faith and credit as to accrued installments where these are not subject to modification at the discretion of the court under the law of the state rendering the judgment. Where no modification is permitted under the law of that state, the judgment is final and must be recognized and enforced as to accrued installments when a suit is brought on the judgment in a state other than that in which the judgment was rendered. Sistare v. Sistare [218 U.S. 1], 30 S.Ct. 682 [54 L.Ed. 905] (1909), Barber v. Barber [323 U.S. 77], 65 S.Ct. 137 [89 L.Ed. 82] (1944), Weston v. Weston, 177 La. 305, 148 So. 241 (1933), Folds v. Folds, 150 So.2d 251 (La.App.2nd Cir., 1964), and Devore v. Devore, 172 So.2d 923 (La.App.4th Cir., 1964).
Thus, if the support payments due under plaintiff's Texas judgment cannot be modified insofar as payments which have accrued, then it is entitled to recognition in Louisiana. The newly enacted Texas Family Code, which became effective January 1, 1974, provides as follows in Section 14.08(c): 14.08(c)
After a hearing and on finding that the circumstances of the child have materially and substantially changed and that modification is in the best interest of the child, any order or part of an order may be modified, except that an order providing for support of a child may be modified only as to obligations accruing subsequent to the motion to modify.
The Texas Family Code, particularly the provisions relative to support, are to be applied retroactively and would thus govern the application of plaintiff's Texas decree. This is evidenced by the enactment sections of the act, a copy of which was filed marked `P-2', and the retroactive application has been expressly upheld by the case of Harrison v. Cox, 524 S.W.2d 387 (Texas Civ.App. Fort Worth, 1975), rehearing denied June 20, 1975.
Since the support provisions of the Texas decree can not, under Texas law, be modified as to installments which have accrued, the decree is entitled to recognition and to full faith and credit in the State of Louisiana.
Prior to January 1, 1974, Texas enforcement procedures did not permit a suit for arrears but only allowed contempt proceedings, but with the enactment of Section 14.09 of the Texas Family Code on that date, judgments for child support may be enforced by any means available for the enforcement of judgments for debts. It is not necessary as contended by defendant for plaintiff to return to Texas and obtain a judgment on the arrearages before seeking *248 judgment in Louisiana. Webb v. Webb, 305 So.2d 567 [La.App.].
Defendant cites the case of LeJune v. LeJune [LeJeune v. LeJeune], 310 So.2d 655 [La.App.] in arguing that plaintiff does not have a right of action to have arrears in child support under a foreign judgment fixed and made executory until after a Louisiana court has rendered judgment in an ordinary proceeding recognizing the foreign judgment and making it the judgment of the Louisiana court. The LeJune [LeJeune] case is distinguishable in that the plaintiff attempted by summary proceedings to have the amount of alimony due under a California judgment determined and made executory before obtaining judgment by ordinary proceedings recognizing the foreign judgment and making it the judgment of the Louisiana court. The court held that the rule to show cause issued by the court to have the amount of past due alimony fixed and made executory was premature and void in that it circumvented the procedure set forth in LSA-CCP 2541. Here, plaintiff has filed suit by ordinary proceeding to have the Texas decree recognized and to have the arrears fixed and made executory. The defendant has been afforded the benefits of ordinary proceedings at all stages. No purpose would be served by separate proceedings, nor is any injustice worked upon defendant by combining the actions for recognition and fixing of arrears. Under Louisiana Code of Civil Procedure Article 462, a plaintiff may accumulate any number of actions so long as the court has jurisdiction and venue over such actions and they are mutually consistent and employ the same form of action. Plaintiff has met all requirements to accumulate the action for recognition and for fixing of arrears if these are to be regarded as separate actions.
The court's conclusion in this regard is also supported by the language in Webb v. Webb, (cited supra), and Didier v. Didier, 230 So.2d 436 [La.App.].
The Texas judgment ordered that the defendant pay the child support payments to the Clerk of Court. Since the Clerk did not testify that the payments had not been made to his office, nor were any of his records produced, defendant contends that plaintiff in simply testifying that she had received no child support payments did not carry her burden of proving that the defendant did not pay the Clerk. This contention is without merit. Payment is an affirmative defense under LSA-CCP 1005 and must be specially pled. Defendant did not plead payment as a defense, nor did he offer evidence of having made any payments. In fact, he offered no evidence whatsoever. When plaintiff testified that she had received no payments from defendant or anyone else, she at least made out a prima facia case. There being no contrary evidence, plaintiff has carried her burden of proof."
Appellant argues in this court that the trial court erred in admitting into evidence a copy of the Texas divorce decree, over his objection, as same was not properly certified. Appellant's argument is without merit. LSA-C.C.P. Article 1395 provides that an official record of any state other than Louisiana may be evidenced by a copy attested by the officer having legal custody of the record, or by his deputy, accompanied with a certificate that such officer has the custody. There is annexed to a copy of the Texas decree a certificate signed by Juanita De LaGaza, Deputy Clerk of Court for Hidalgo County, Texas, to the effect that the annexed copy is a true and correct copy of the original as the same appears on file in the Clerk's office for that County. This certification sufficiently complies with the provisions of the cited article.
The trial court awarded plaintiff-appellee attorney's fees under authority of our holding in Gauthreaux v. Gauthreaux, 315 So.2d 402 (La.App.3rd Cir. 1975). In Janise v. Janise, 328 So.2d 711 (La.App.3rd Cir. 1976) writs refused June 2, 1976, a different panel of this court, with one judge dissenting, concluded that the rule as stated in Gauthreaux v. Gauthreaux, supra, should not be followed for the following reasons:
"(1) The basic well established general rule is that attorney's fees are not allowed *249 in the absence of a statute or contract providing for them. (2) Although our Supreme Court departed from this general rule in the Newson case in 1933, it adhered to the general rule in Wainwright in 1950, and by the denial of writs in Stoltz in 1964, these latter rulings being the last expressions of our Supreme Court on this matter. (3) Even if an exception to the general rule is to be recognized, we think it should be strictly limited to those cases where the father has been arbitrary or capricious in his failure to pay, and that this matter should be left largely to the discretion of the trial judge. (4) In the present case, we find no abuse of the discretion of the trial judge in refusing attorney's fees."[1]
In Janise, supra, we respectfully called upon our Supreme Court to grant writs and decide whether attorney's fees can be recovered in these cases. Writs were applied for, however, on June 2, 1976, 333 So.2d 233, same were denied with the following statements:
"Writ refused. Under the facts found, the result is correct.
Dixon, J., concurs in the denial but is of the opinion Newson v. Newson, 176 La. 699, 146 So. 473 (1933) may be correct, and in the proper case, the question of attorney's fees for recovering past due alimony should be reconsidered by this court."
We do not construe the denial of writs in Janise, for the reasons stated, as a complete rejection of the legal proposition espoused in Newson, supra, and followed in Gauthreaux, supra. Had our Supreme Court, in considering the writ applied for in Janise, determined that under all circumstances a mother is not entitled to attorney's fees necessary to litigate a rule to make past due child support payments executory it could have so stated. We consider the language used by the court in denying writs in Janise and especially that used by Justice Dixon in his concurrence to suggest that the apparent conflict in the jurisprudence on this issue, i. e., Newson, supra, versus Wainwright, supra, remains unsettled and that under certain circumstances (for example, where the father's refusal to pay is shown to be arbitrary or capricious) the trial court's award of attorney's fees may be proper.
We have carefully considered this most perplexing question in light of the several cited decisions, and although we have the utmost respect for the views expressed by our own brethren who authored Janise, supra, and for the views espoused by our brothers of the Fourth Circuit in Stoltz, supra, we choose to follow the rule as stated in Gauthreaux, supra.
However, in any event, the instant case is factually distinguishable from Janise, supra. In the latter case the trial court rejected the wife's claim for attorney's fees finding the relief sought by the wife and that sought by the husband to be intertwined and the husband to be partially successful in his demands. Under the circumstances of that case the trial court reasoned that the parties should pay their own attorneys. In this case the trial court, in its discretion, allowed the wife reasonable attorney's fees. The record before us reflects that the father's failure to make child support payments as ordered was clearly arbitrary. Plaintiff-appellee reared her children for the last ten years preceding the filing of the instant suit without any financial assistance from the defendant in spite of repeated demands upon the latter for assistance. Because the enforcement procedures provided for by Texas law prior to January 1, 1974 did not allow a suit for arrearages in child support but only allowed contempt proceedings, plaintiff abandoned her efforts to collect support. Plaintiff testified that after discussing the matter with *250 court officials in Texas she determined that to pursue the matter further would be futile unless she were able to return to court "time after time to harass him enough." In January of 1974 the Texas law was changed allowing a judgment against a defaulting party for arrearages in child support, which judgment is subject to enforcement by any means available for the enforcement of judgments for debts. As stated previously the provisions of the Texas Family Code relative to child support are applicable retroactively. As enunciated in Newson, the arrearages herein made executory (the greater portion herein sued for being uncollectable because of our own laws of prescription) "should not be eaten up partially by attorney's fees, and the child thereby deprived, in part, of the object and purpose of allowing it".
We find the amount of the award for attorney's fees in this case to be reasonable and well within the broad discretion allowed to the trier of fact.
For the above and foregoing reasons the judgment appealed from is affirmed, defendant-appellant to be cast for all costs.
AFFIRMED.
NOTES
[1] The complete citations for the cases referred to in the above quote are as follows: Newson v. Newson, 176 La. 699, 146 So. 473 (1933); Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902 (1950); and, Stoltz v. Stoltz, 162 So.2d 103 (La.App.4th Cir. 1964) writs denied 246 La. 349, 164 So.2d 352.