GULOTTA, Judge.
The sole issue confronting us is whether a divorced wife, who has been granted custody of minor children, is entitled to receive from her divorced husband attorney’s fees incurred in connection with the successful dismissal of the husband’s rule for a change of custody.
In dismissing the rule for attorney’s fees, the trial judge said:
“There is no basis in law which this Court can find, which would allow it to assess attorney’s fees, by the wife on her behalf against the husband.”
The wife appeals. We affirm.
The general rule relating to assessment of attorney’s fees is that these fees are not recoverable unless provided for by statute or by contract. Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1958); Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La.1976).
We have not been cited nor have we found any cases in our jurisprudence where a wife’s attorney’s fees for representation *708 in a custody rule were sought and either granted or denied. Furthermore, no statute exists authorizing the payment of attorney’s fees under the circumstances of our case. An interesting line of cases from the Louisiana Supreme Court and from our Courts of Appeal, however, involves a wife’s demand against her husband for her attorney’s fees incurred in connection with a rule against the husband for delinquent alimony and child support.
In Newson v. Newson, 176 La. 699, 146 So. 473 (1933), a case involving child support, the Louisiana Supreme Court awarded attorney’s fees to the wife incurred in connection with the rule to obtain child support. Thereafter, however, in Wainwright v. Wainwright, 217 La. 563, 46 So.2d 902 (1950), the court denied the wife’s demand for attorney’s fees in a case involving past due alimony. The Wainwright court, without mentioning the earlier Newson decision, stated:
“With regard to the demand and award for attorney’s fees we know of no law and have been referred to none which provides for such fees in a case of this kind. * * *”
The Wainwright decision appears to be the last expression (except in subsequent cases where writ applications were denied) of the Louisiana Supreme Court in these cases.
Citing Wainwright, this court in Stoltz v. Stoltz, 162 So.2d 103 (La.App.4th Cir. 1964), writ refused, 246 La. 349, 164 So.2d 352 (1964), denied to the wife attorney’s fees incurred in connection with her rule for delinquent alimony and child support. In denying the writ, the Supreme Court said, “Writ refused. No error of law in the judgment.”
The Third Circuit, in the first of a line of three cases, in Gauthreaux v. Gauthreaux, 315 So.2d 402 (La.App.3d Cir. 1975), awarded attorney’s fees incurred by the wife in prosecuting her action for past due child support. The Gauthreaux court followed the earlier Supreme Court decision in New-son v. Newson, supra, and concluded that attorney’s fees in these cases is an exception to the general rule involving the assessment of attorney’s fees. Although acknowledging the existence of the Wainwright and Stoltz cases, the court in Gau-threaux stated preference for the Newson decision. No writs were applied for in the Gauthreaux decision.
Thereafter, the Third Circuit in a majority decision in Janise v. Janise, 328 So.2d 711 (La.App.3d Cir. 1976), writ refused, 333 So.2d 233 (La.1976), in a past-due child support rule, declined to award attorney’s fees to the wife and declined also to follow the decision of a different panel of the Third Circuit in the Gauthreaux case. The Janise court followed the rule as represented by Wainwright and Stoltz. In denying the writ, the Louisiana Supreme Court stated, “Under the facts found, the result is correct.” [1]
Interestingly, still another panel of the Third Circuit, when confronted with the same question involving attorney’s fees in Baldwin v. Baldwin, 337 So.2d 245 (La.App.3d Cir. 1976), chose to follow the earlier Gauthreaux decision of the Third Circuit. Attorney’s fees were awarded in the Baldwin case. No writs were applied for in that case.
Recently, in Stanfield v. Stanfield, 342 So.2d 1195 (La.App.2d Cir. 1977), the court declined to award to a wife attorney’s fees incurred in connection with her rule to obtain past due alimony and child support. The Stanfield court followed the Supreme Court Wainwright decision. No writs were applied for in that case.
Though the foregoing cases involved alimony and child support and not custody, we are inclined toward the view that attorney’s fees are not recoverable by the wife from the husband in custody cases.
The Legislature, by Act 462 of 1977 (LSA-R.S. 9:305), provided for the assess *709 ment of attorney’s fees in connection with executory judgments for delinquent alimony and child support payments.[2] We find it significant that no attorney’s fees were statutorily provided for in custody cases. This legislative omission is supportive of our conclusion that attorney’s fees are not recoverable in our case.
We are not persuaded by the wife’s argument that she, in defending against the rule brought by the husband for transfer of the custody of the children, was acting for the benefit and welfare of the children and, under these circumstances, the husband should bear the expense incurred on the children’s behalf. The rule for custody in which the husband sought to deprive the wife of the custody of the minor children was directed against her. It is the wife’s suitability for custody which is in issue. The effort of the wife’s attorney is directed toward a showing of this suitability. It is unrealistic to believe that the services of the attorney were rendered toward the children in the custody hearing and not to the wife.
For the same reasons, we reject also the wife’s contention that attorney’s fees, like the extraordinary expense of medical fees incurred on behalf of the children, should be paid by the husband.[3]
We conclude, therefore, that the mother of minor children, made defendant in a rule for transfer of custody of those children, is not entitled to an award for attorney’s fees to be assessed against the father of the children. Accordingly, the judgment is affirmed.

AFFIRMED.

DUPLANTIER, J., dissents.

. In his concurrence in the writ denial in Janise, Justice Dixon stated that he is of the opinion Newson v. Newson, 176 La. 699, 146 So. 473 (1933) may be correct, and in the proper case, the question of attorney’s fees for recovering past due alimony should be reconsidered by the Supreme Court.

. Act 462 of 1977, in pertinent part, provides:
“Section 1. Section 305 of Title 9 of the Louisiana Revised Statutes of 1950 is hereby enacted to read as follows:
§ 305. Attorney fees in alimony and child support proceedings
When the court renders an executory judgment incorporating the payment of child support or alimony in arrears, the court may award reasonable attorney fees in favor of the prevailing party.”

. In this connection, the wife, in analogizing attorney’s fees to medical expenses, relies on the case of Wingo v. Cook, 306 So.2d 370 (La.App.3d Cir. 1975) where one half of extraordinary medical expenses incurred on behalf of the child were ordered paid by the father in addition to monthly support payments.