STOKER, Judge.
On October 4, 1978, Robert Gay, filed a rule ordering his former spouse, Judith Gay, to show cause why her alimony payments should not be terminated. Mr. Gay contended that the payments should be terminated because his ex-wife’s employment provided sufficient means for her support. After a hearing, the trial court rendered a judgment terminating the wife’s alimony. The trial judge also awarded the wife attorney’s fees in the amount of $300.00. From this judgment, Mr. Gay has appealed seeking reversal of the lower court’s award of attorney’s fees to his former spouse. Mrs. Gay answered the appeal seeking an increase in the award for attorney’s fees.
The general rule is that attorney’s fees are not recoverable unless provided for by statute or by contract. Janise v. Janise, 328 So.2d 711 (La.App. 3rd Cir. 1976).[1]
LSA-R.S. 9:305 provides for the award of attorney fees in certain instances. The statute provides:
§ 305. Attorney fees in alimony and child support proceedings When the court renders judgment in an action to make past due alimony or child support executory, the court may award reasonable attorney fees in favor of prevailing party.
Added by Acts 1977, No. 462, § 1. Amended by Acts 1978, No. 693, § 1.
This judgment appealed from here, in which the court awarded Mrs. Gay attorney’s fees, is not one which makes past due alimony or child support executory. Therefore, R.S. 9:305 is not applicable, and attorney’s fees cannot be awarded under its authority.
In the present case, suit was instituted by the husband to have alimony terminated. No policy would be advanced by requiring the husband to pay the wife’s attorney’s fees in an action to terminate alimony payments. The general rule concerning the awarding of attorney’s fees should be appli *611 cable. We have not been cited nor have we found any statute which allows the award of attorney’s fees to a wife in a judgment terminating the husband’s obligation to pay alimony. The trial judge erred in awarding Mrs. Gay attorney’s fees.
Since Mrs. Gay should not have been awarded attorney’s fees, it is not necessary to consider Mrs. Gay’s answer to the appeal seeking an increase in the attorney’s fees.
For the above and foregoing reasons, the judgment of the trial court is reversed insofar as it awards Mrs. Gay attorney fees. All costs of this appeal are assessed against appellee, Mrs. Gay.
REVERSED IN PART, AFFIRMED IN PART.

. A few exceptions may be found in the jurisprudence to the general rule concerning the award of attorney’s fees. In Gauthreaux v. Gauthreaux, 315 So.2d 402 (La.App. 3rd Cir. 1975), this court awarded attorney’s fees to a spouse who had instituted suit to make execu-tory, past due child support, although no statute provided (at that time) for an award of attorney’s fees in such cases. The court awarded attorney’s fees stating that policy required that the child support award not be depleted by the payment of attorney fees. However, in Janise v. Janise, supra, the court, noting with approval the general rule on awarding attorney’s fees, refused to award attorney’s fees to a spouse who had brought suit to make executory past due child support. The court in Janise stated that Gauthreaux should be strictly limited to its facts. In Gauthreaux, the husband had acted arbitrarily and capriciously in refusing to make the child support payments.