394 So.2d 731 (1981)
Nancy Howig PALMATIER, Plaintiff-Appellee,
v.
Robert Allen PALMATIER, Defendant-Appellant.
No. 8032.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
Whitehead & McCoy, Charles R. Whitehead, Jr., Natchitoches, for defendant-appellant.
James E. Beal, Natchitoches, for plaintiff-appellee.
Before CULPEPPER, GUIDRY and CUTRER, JJ.
CULPEPPER, Judge.
Plaintiff, Robert Allen Palmatier, filed this action for divorce against his wife, Nancy Howig Palmatier, on the grounds of one year living separate and apart. The judgment of divorce in favor of the husband also awarded to him custody of the two minor children, boys ages 10 and 14 respectively. The judgment further ordered plaintiff to pay his wife $200 per month as permanent alimony, plus $500 for her attorney's fees. The husband appeals the awards of alimony and attorney's fees. The wife answered the appeal, seeking an increase in the award of permanent alimony from $200 to $750 per month.
The issues presented are (1) whether the husband is liable for attorney's fees incurred by the wife in these divorce proceedings filed after the dissolution of the community in a previous separation suit, (2) *732 whether the trial court erred in awarding Mrs. Palmatier permanent alimony in the amount of $200 per month, and (3) whether the wife's alimony should be increased.
Plaintiff and defendant legally separated by judgment signed March 13, 1979, pursuant to a petition for separation filed by the wife on February 16, 1979. Under the judgment, Mrs. Palmatier received custody of the two minor children. Plaintiff was ordered to make child support payments of $900 per month. In her petition for separation, the wife stated that she did not desire the payment of any alimony from her husband, nor did she pray for attorney's fees.
Less than one year following the judgment of separation, the husband sued for final divorce and by amended petition sought custody of the children. The wife answered plaintiff's petition and by reconventional demand prayed for a divorce on the grounds of one year having elapsed without reconciliation after the judgment of separation. She also prayed for permanent alimony in the amount of $200 per month, but she did not pray for attorney's fees. The district judge, finding neither party to be at fault, first stated in reasons dictated at the conclusion of the trial that Mrs. Palmatier was entitled to permanent alimony in the amount of $700 per month. However, upon advice by counsel for plaintiff that the wife had prayed for only $200 per month in her reconventional demand, the judge awarded only this amount in the judgment.
ATTORNEY'S FEES
In Malone v. Malone, 260 La. 759, 257 So.2d 397 (1972) our Supreme Court reviews the statutory and jurisprudential history of the problem of attorney's fees of the wife and of the husband in separation and divorce proceedings. In Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (La.1955), the court had allowed the wife attorney's fees in a divorce proceeding by overruling prior jurisprudence to the contrary and holding that under LSA-C.C. Article 155 the community was dissolved, not as of the date of filing the petition, but only as of the date of the divorce judgment. Then in 1962, Article 155 was amended to provide that a judgment of separation dissolves the community retroactive to the date on which the original petition was filed but "without prejudice ... to the liability of the community for the attorney's fees and costs incurred by the wife in the action in which the judgment is rendered." In Malone, the Supreme Court construed the 1962 amendment to Article 155 to mean that the judgment of separation dissolves the community as of the date the petition is filed, but that nevertheless both the wife's and the husband's attorney's fees are charges against the community.
We find no Supreme Court cases addressing the precise issue of whether the wife's or the husband's attorney's fees incurred in a divorce action are obligations of the community where the community had been dissolved by a prior judgment of separation before the petition for divorce was filed. However, in Moseley v. Moseley, 216 So.2d 852 (La.App. 2d Cir. 1968), the court held that in a divorce action the attorney's fees of the wife could not be a community obligation where the community had been dissolved by a judgment of separation prior to the filing of the petition in the suit for divorce. Also, in Schiro v. Perkins, 240 So.2d 920 (La.App. 4th Cir. 1970), writ of certiorari refused 257 La. 458, 242 So.2d 578, the court rejected a claim by an attorney against the wife for a fee to represent her in the divorce, where there had been a prior judgment of separation dissolving the community, and no community existed at the time the wife contracted with the attorney.
In Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975), the 16-year old wife had entered into a prenuptial agreement that there be no community. In a suit for divorce by the husband, the wife claimed her attorney's fees. The substantial issue was the validity of the prenuptial agreement. The Court of Appeal held the agreement valid, that no community existed at the time the suit for divorce was filed, and that therefore the community was not liable for the wife's attorney's fees. The Supreme Court reversed, *733 323 So.2d 120, holding that the prenuptial agreement was null, that the community did exist at the time the suit for divorce was filed, and therefore the community was liable for the wife's attorney's fees. The Wilkinson case is persuasive in that the Court of Appeal and the Supreme Court appear to have assumed that if no community existed at the time the suit for divorce was filed, there could have been no liability by the community for the wife's attorney's fees.
In its most recent form, LSA-C.C. Article 159, controlling the effect of a judgment of a divorce, provides as follows:
"Art. 159. Effects of divorce
Art. 159. The effects of a divorce shall not only be the same as are determined in the case of a separation from bed and board, but it shall also dissolve forever the bonds of matrimony, between the parties, and place them in the same situation with respect to each other as if no marriage had ever been contracted between them.
If a community property regime exists on the date of filing of the original petition in the action in which the judgment of divorce is rendered, the judgment of divorce carries with it the dissolution of the community, which dissolution is retroactive to the date on which the original petition in the action was filed, but such retroactive effect shall be without prejudice (a) to the liability of the community for the attorney fees and costs incurred by a spouse in the action in which the judgment is rendered, or (b) to rights validly acquired in the interim between commencement of the action and recordation of the judgment.
(Amended by Acts 1977, No. 483, § 2; Acts 1979, No. 711, § 1, eff. Jan. 1, 1980.)"
The second paragraph of Article 159, quoted above, makes it clear that if a community exists on the date the petition for divorce is filed, the judgment of divorce dissolves the community retroactive to the date the petition was filed, but without prejudice to the rights of either the wife or the husband to claim from the community attorney's fees incurred in the divorce action. In light of the above discussed jurisprudence and statutory history, we think the legislature intended Article 159 as amended in 1977 to mean that if no community existed on the date of filing the petition for divorce there could be no community liability for the attorney's fees of either the wife or the husband incurred in the divorce action.
Applying this construction of LSA-C.C. Article 159 to the present case, the community was dissolved by the judgment of separation signed on March 13, 1979, retroactive to the date suit for separation was filed on February 16, 1979. The husband filed his petition for divorce on the grounds of one year voluntary separation on February 15, 1980. Thus, no community existed on the date of filing of the petition for divorce in the action in which the divorce was granted. Therefore, there was no community which could be liable for the attorney's fees of the wife incurred in the divorce proceeding. That portion of the judgment of the district court awarding the wife's attorney's fees must be reversed.
On appeal, the wife argues the reasoning in Gauthreaux v. Gauthreaux, 315 So.2d 402 (La.App. 3rd Cir. 1975) would permit the court, in its discretion, to award the wife attorney's fees incurred in the divorce, even though the community had been dissolved before the petition for divorce was filed. In Gauthreaux, the wife sued the husband for $215 in delinquent child support payments and for attorney's fees for prosecuting this claim on behalf of the minor children. Citing Newson v. Newson, 176 La. 694, 146 So. 472 (1933), where the court awarded the wife attorney's fees in her rule for child support, although the community had formerly been dissolved, the court held the father personally liable for the mother's attorney's fees. The rationale of the courts in Newsom and in Gauthreaux was that if payment of child support is refused by the father, thereby requiring the mother to file suit, the child support should not be consumed by attorney's fees, and that the same reasoning should be even more applicable to *734 the claim for past due child support. Under this rationale, the wife in the present case argues that to deny attorney's fees to the wife in a divorce action, where her need for alimony is proven, as in the present case, would effectively deny her the right to seek such alimony in the courts.
Although we recognize the equity of the argument that where a suit for divorce is filed after the community has been previously dissolved, the wife who has insufficient funds to employ an attorney to present her claim for alimony in the divorce proceedings may be effectively denied her claim for alimony after divorce. Nevertheless, this case is controlled by the above cited jurisprudence, and by LSA-C.C. Article 159, as amended. There is no statute which permits an award of attorney's fees to either spouse in the present situation. Any modification or exception to Article 159 should come from the legislature.
PERMANENT ALIMONY
The next issue is whether the trial judge erred in awarding Mrs. Palmatier alimony after divorce in the sum of $200 per month. The husband contends the wife has failed to prove a need for this amount. In her answer to the appeal, the wife contends the award should be increased to $750 per month.
Following the judgment of separation, Mr. and Mrs. Palmatier entered into a community property settlement in which Mrs. Palmatier purchased her husband's one-half interest in the family home, valued at $65,-000 and assumed the mortgage balance of $40,000. She owns a car which is fully paid for and testified that, with the exception of the house note, she presently has no outstanding debts. Employed as an elementary school teacher, Mrs. Palmatier receives a net income of $840 per month. The house note she must pay is $360 per month. Other monthly expenses which she itemized were calculated on the basis of her having custody of the two children. Now that she will have only herself to support, these figures will be substantially less. However, considering the non-liquidity of her assets and her foreseeable expenses, we agree with the trial court that she had insufficient means for her support and is in need of $200 per month alimony.
Mr. Palmatier has a net monthly income of $1850.58. He is a professor of elementary education at Northwestern State University. He also receives some additional income from consulting fees as an expert on reading. Recently, he purchased a new home which will have to be furnished. He will now have the additional expense of raising two children.
We find no manifest error by the district judge in concluding $200 per month conforms reasonably with the needs of the wife and the ability of the husband to pay. Accordingly, we will not disturb the award of permanent alimony.
For the reasons assigned, that portion of the judgment of the trial court awarding the wife's attorney's fees is reversed and set aside. In all other respects, the judgment appealed is affirmed. Costs of this appeal are assessed one-half to each party.
AFFIRMED IN PART, REVERSED IN PART.